THE CITY OF ST. LOUIS v. WOODRUFF, *Appellant.*

**Municipal Corporation**: VEHICLE LICENSE: STREET SPRINKLING CARTS ARE "PUBLIC VEHICLES." A city ordinance imposed a license tax on all "public vehicles using the streets of the city for trade or traffic or other purposes." One A was engaged in the business of sprinkling the streets with water, for compensation paid by the owners of property fronting on the streets, and for this purpose used tanks which were mounted on wheels and driven through the streets, and were known as sprinkling carts. *Held*, that these carts were "public vehicles" within the meaning of the ordinance, and as such were subject to the tax.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Edmund T. Allen* for appellant.

*Leverett Bell* for respondent.

HENRY, J.—The defendant was convicted and fined $10 in the St. Louis police court for pursuing his avocation as driver of a street-sprinkling cart, without having a license, which was required by the city ordinance. He appealed to the court of criminal correction, and again there was judgment for the city, from which he appealed to the St. Louis court of appeals, and from the judgment in that court, affirming that of the court of criminal correction, defendant has appealed to this court.

An ordinance of the city, No. 9780, provides that: "There shall be annually levied and collected a license tax upon all public vehicles using the streets of the city for trade or traffic or for any other purpose, etc." The ordinance classifies the vehicles and fixes the tax on each class, and then adds: "On each two horse wagon, not before mentioned, ten dollars." Sprinkling wagons, not being included in either of the classes previously named, belong to the latter general classification, if taxable at all. The power of the city to impose the tax cannot be seriously controverted. By her charter when this ordinance was passed, power was expressly given to the mayor and city council, by ordinance, "to license, tax and regulate street railroad cars, hackney-carriages, omnibuses, carts, drays and other vehicles." The language is almost comprehensive enough to embrace wheel-barrows.

The facts agreed upon are, that defendant was in the the employment of Schuerman Bros. & Co., a firm residing and doing business in St. Louis city, and engaged in the business of street-sprinkling. That business consisted in contracting with owners and tenants of city real estate, to sprinkle the streets during certain months in the year, in front of the property owned or occupied by their employers. For the purpose of doing said work, they used tanks upon wheels, known as sprinkling carts, and defendant was operating one of these tanks at the time of his arrest, for sprinkling the streets of the city, and had been doing so for more than ten days before his arrest. No license had been taken out.

Was the sprinkling cart a public vehicle which was used by defendant for trade or traffic? It was not owned by the public, nor are the vehicles of any class named in the ordinance so owned. They are all private property used in public employments, and this is what is meant in the ordinance by "public vehicles, using the streets of the city for trade or traffic, etc." The sprinkling cart was not used exclusively for the purpose of hauling and sprinkling water

upon the street in front of the premises of its owner, but to haul and sprinkle water on the streets for other persons who would employ and pay them for it, and was as much a public vehicle, as omnibuses and hackney-carriages used in the city in the business of transporting persons for pay. The one is equally with the other, a public business. The judgment of the court of appeals is affirmed. All concur.