(66 App. Div. 88.)

## HEIB v. TOWN OF BIG FLATS.

(Supreme Court, Appellate Division, Third Department. November 19, 1901.)

1. TOWNS—BRIDGES—STATUTES—MINIMUM STRENGTH OF BRIDGE—LIABILITY.

Gen. Laws, c. 19, § 154 (Highway Law), entitled "When Town not Liable for Bridge Breaking," enacts that no town shall be liable for damage resulting from the breaking of any bridge by transportation on the same of any vehicle and load weighing four tons or over. *Held,* that the maintenance by a highway commissioner of any bridge known to be of strength insufficient to support the load specified would be prima facie negligence.

2. SAME—DETERMINATION OF LOAD.

In every action against a town for the breaking of a bridge, the weight of the "vehicle and load" actually on the bridge is not controlling, but it must be a question of proof as to how much, if anything, is added to the weight actually upon the bridge at any one time by the strain resulting from the effort to move the load.

3. SAME—CONTRIBUTORY NEGLIGENCE.

In an action against a town for injuries resulting from the breaking of a bridge while an engine and separator were being moved across it, it appearing that the engine weighed about three tons and a half, and that the separator weighed a ton and a half, and that the span of the bridge was 21 feet, the question whether plaintiff was guilty of contributory negligence in attempting to cross without inspecting the size and condition of the stringers was a question for the jury.

4. SAME—LIABILITY OF TOWN—WEAKENING OF STRUCTURE BY PLAINTIFF.

In an action against a town for the breaking of a bridge while plaintiff was moving a vehicle and load over the same, if it appear that plaintiff crossed the bridge the previous day with a vehicle and load in excess of four tons, which crossing so weakened the bridge as to cause the breaking, plaintiff cannot recover.

Appeal from trial term.

Action by John Heib against the town of Big Flats. From a judgment of nonsuit, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Sebring & Cheney, for appellant.

Taylor, Hiller & O'Connor, for respondent.

KELLOGG, J. This action was brought to recover damages for injuries to the person of plaintiff suffered from the falling of a highway bridge. The plaintiff was engaged in running a traction engine attached to a thresher across this bridge, when the stringers in the middle and on one side broke, and the engine was turned over and fell some 5 feet, onto the ground below the bridge. The evidence shows that the bridge was 21 feet long from abutment to abutment; was an old bridge, built some 9 years before this accident, and then built with old stringers. The bridge was a simple, cheap construction, consisting of five stringers of wood, planked over for a roadway, 14 feet wide and 21 feet long. It was a part of a highway very little used. The evidence presents a fair question of fact,—whether, under all the circumstances, the commissioners of highways of this town were not negligent and remiss in the discharge of their duties, in not inspecting the bridge, and

replacing the decayed wooden stringers with some more substantial. So long as the public was permitted to cross this bridge, it had the commissioners' assurance that it was reasonably safe.

We find in the highway law (chapter 19, § 154, Gen. Laws) the following provision:

"Sec. 154. When Town not Liable for Bridge Breaking. No town shall be liable for any damage resulting to person or property by reason of the breaking of any bridge, by transportation on the same, of any vehicle and load together weighing four tons or over; but any owner of such vehicle or load, or other person engaged in transporting or driving the same over any bridge shall be liable for all damages resulting therefrom."

It may from this provision of the highway law be fairly reasoned in this case that any bridge knowingly maintained by a highway commissioner, and kept open for public travel, without notice or warning, which was of strength insufficient to support in transportation across it a vehicle and load weighing less than four tons, would be prima facie negligence. If it is kept in mind that the purpose of the statute is to fix a standard of liability by fixing the minimum limit of the strength of a highway bridge, as it seemingly does, it will be apparent that weight of "vehicle and load" actually upon any bridge is not wholly controlling. In case the "vehicle and load" is four tons and over in weight, but so arranged that a fraction less than four tons was the maximum weight at all times upon the bridge, and yet the process of transportation, or the effort expended in moving that portion over four tons to get it upon or across the bridge, created a strain upon the bridge above the statutory limit, the effect upon the bridge would be the same as though the weight itself were by so much increased. It must be, therefore, in every such case, a question of proof as to how much, if any, strain is so added by the effort to move that part of the vehicle and load above the statutory limit, and how much, if anything, is so added to the weight actually upon the bridge. In the case at bar it appears that the span of this bridge was 21 feet. It also appears that the engine and equipment which were upon the bridge weighed about three tons and a half. It also appears that it was hauling a separator weighing about one and one-half tons up an incline to get upon the bridge. The length of the separator does not appear. The "vehicle and load" here was the engine and separator combined. Together they weighed much more than four tons. Less than four tons, however, was actually on the bridge. How much was added to the weight of the engine by reason of the effort of the engine to haul up the excess of weight permitted is not, and cannot be, on the proof before us, a matter of law.

The question of contributory negligence on the part of plaintiff was, under the proofs in this case, I think, a question for the jury. Whether a prudent man, under all the circumstances, would have deemed it safe to cross the bridge with this load in the manner in which it was attempted, without first inspecting the size and condition of the stringers, must be a question for the jury. Whether crossing the day previous with "vehicle and load" in excess of four tons weakened the bridge, must also be a question of fact for a

jury. If in fact four tons or more of weight was put upon the bridge by plaintiff the day before the accident, in transporting this traction engine and thresher, and thereby the bridge was so weakened as to be the cause of its breaking down on the day of the accident, then the plaintiff cannot recover.

The judgment should be reversed, with costs to appellant to abide the event. All concur.