(October 28, 1915.)

## ANNA PRICE, Respondent, v. NORTH AMERICAN ACCIDENT INSURANCE COMPANY, Appellant.

[152 Pac. 805.]

INSURANCE POLICY — NONPAYMENT PREMIUM — FORFEITURE — WAIVER— AGENT'S ACCEPTANCE OF PREMIUM — ESTOPPEL — UNQUALIFIED REFUSAL TO PAY INDEMNITY—WAIVER OF PROOF OF LOSS.

1. *Held,* that in this case the court did not err in sustaining the objection to the admission of certain testimony offered by the appellant during the trial; or in refusing to sustain appellant's motion for nonsuit at the close of respondent's case; and that the evidence is sufficient to sustain the verdict and the judgment.

2.   Where a contract of insurance provides that "The acceptance of any renewal premium shall be optional with the company, and if a past-due premium shall be accepted by the company or by a branch office of the company, or by any duly authorized agent of the company, such acceptance shall reinstate the policy in full as to disability resulting from accidental bodily injuries thereafter sustained"; and where the jury find that an agent, who is authorized to receive premiums, thus being endowed with authority to waive a forfeiture for nonpayment, accepts a premium, such acceptance constitutes a waiver by the company of the forfeiture. Whether the company had knowledge of the payment or not would be immaterial, providing the payment of the premium was actually made to its authorized agent.

[As to effect of limitations on agent's authority to waive conditions in insurance policy, see note in **Ann. Cas. 1914A, 590.**]

3.   Proof of loss is made for the sole benefit of the insurance company, which it may waive. Thus, upon receiving an unqualified refusal to pay, based upon a denial of liability on the part of the company, being equivalent to a waiver of proof of loss, a beneficiary would be justified in believing that the rendition of proof would be useless. And such beneficiary as plaintiff should not be required to go further than to establish an absolute denial of responsibility and an unqualified refusal to pay by the insurance company, in order to maintain an action upon the policy.

[As to necessity for proof of death, see note in 137 Am. St. 718.]

4.   *Held,* that after an examination of the respective affidavits made by counsel for the appellant and respondent, in view of the weakness of the showing made by the appellant as to the reason for the attendance of the witnesses, and the strength of the counter-showing by the respondent, the court did not err in taxing costs in this action.

APPEAL from the District Court of the Second Judicial District for Idaho County.   Hon. Edgar C. Steele, Judge.

Action to recover on accident insurance policy.   Judgment for plaintiff.   Affirmed.

A. S. Hardy, for Appellant.

Unless a payment of a defaulted premium is clearly shown to have been made and accepted, it would be insufficient to establish a waiver, as a waiver of a forfeiture including the

payment of the past due premium must be clearly shown; and it also must be shown that the agent, whom it is claimed made the waiver, had the authority from the company to do so. It is incumbent upon the plaintiff to show both of these facts. (*Franklin Life Ins. Co. v. McAfee,* 28 Ky. L. 676, 90 S. W. 216; *Moore v. Mutual etc. Life Assn.,* 133 Mich. 526, 95 N. W. 573; *Bryan v. National Life Ins. Assn.,* 21 R. I. 149, 42 Atl. 513; *O'Connell v. Fidelity & Casualty Co. of New York,* 87 App. Div. 306, 84 N. Y. Supp. 315; *Alabama etc. Assur. Co. v. Long Clothing etc. Co.,* 123 Ala. 667, 26 So. 655; *Planters' Mut. Ins. Co. v. Loyd,* 67 Ark. 584, 77 Am. St. 136, 56 S. W. 44; *MacArthur v. United States Health etc. Ins. Co.,* 151 Ill. App. 507; *Popovitz v. United States Health etc. Ins. Co.,* 78 Misc. 148, 137 N. Y. Supp. 788; *Crosby v. Vermont Accident Ins. Co.,* 84 Vt. 510, 80 Atl. 817; *Greenwaldt v. United States etc. Accident Ins. Co.,* 52 Misc. 353, 102 N. Y. Supp. 157; *Security Life etc. Co. v. Underwood* (Tex. Civ.), 150 S. W. 293; *Merchants' & P. Ins. Co. v. Marsh,* 34 Okl. 453, 125 Pac. 1100, 42 L. R. A., N. S., 996.)

The burden of showing that the costs claimed are correct is on the party claiming them. (*Griffith v. Montandon,* 4 Ida. 75, 35 Pac. 704; *Bechtel v. Evans,* 10 Ida. 147, 77 Pac. 212.)

Allowing fees to the husband would in effect be allowing fees to a party to the action. (*Hereford v. O'Connor* (Ariz.), 52 Pac. 471.)

M. R. Hattabaugh and B. Auger, for Respondent.

After notice to the appellant of the loss and its denial of liability, further offer of proof would be in vain. (*Boyd v. Cedar Rapids Ins. Co.,* 70 Iowa, 325, 30 N. W. 585; *Lebanon Mut. Ins. Co. v. Erb,* 112 Pa. 149, 4 Atl. 8; *Campbell v. American Fire Ins. Co.,* 73 Wis. 100, 40 N. W. 661; *Firemen's Ins. Co. v. Floss,* 67 Md. 403, 1 Am. St. 398, 10 Atl. 139.)

It was the duty of the respondent to be fully prepared to meet all the questions raised by the appellant's separate defenses in its answer, and respondent should not be put to the expense of calling witnesses and then shorn of her right to reimbursement when the appellant without notice aban-

doned defenses set up to apprise the respondent of the issues in the case.    (*Bechtel v. Evans,* 10 Ida. 147, 77 Pac. 212.)

The witness fees of the husband and children of the respondent were properly allowed and taxed.    (*Anderson v. Ferguson-Bach Sheep Co.,* 12 Ida. 418, 86 Pac. 41, 10 Ann. Cas. 395; *Griffith v. Montandon,* 4 Ida. 75, 35 Pac. 704.)

BUDGE, J.—This is an action commenced by the respondent Anna Price, beneficiary, as plaintiff, against the appellant North American Accident Insurance Company as defendant, to recover $700, for the accidental death of her son Forest Price, which occurred June 9, 1913. The recovery is sought under the terms of an accident insurance policy written by the appellant company insuring the said Forest Price.

The case was tried on September 18, 1914, resulting in a verdict for the plaintiff; upon which verdict judgment was duly entered. This is an appeal from the judgment and from the order of the court taxing costs.

The appellant relies for reversal upon seven assignments of error. The first is that the court erred in refusing to sustain the motion of defendant for a nonsuit made at the close of plaintiff's case; and the next four, in the exclusion of testimony. We have examined each of these assignments of error and find no merit in them. The sixth specification is that there is no evidence to sustain the verdict and judgment of the court, and that they are against the evidence.

The policy of insurance upon which this action is based was issued upon the application of the insured, on April 22, 1913. The application was taken by the agent of the appellant company in the regular course of business, and the policy was found among the effects of the insured shortly after his death.

Upon the trial, the application for the policy, the policy, a notice containing the names and addresses of the agent and the insured and the number of the policy, and providing: "First Premium of $3.00 must be paid on or before June 1st, 1913. And thereafter on or before the 1st of each suc-

ceeding month to the above-named Collector, or to A. E. Forrest, Secy., 217 La Salle Street, Chicago, Ills.," the following receipt:

"$3. Lewiston, Idaho, June 6–1913.

"Received from Forrest Price $3.00 (Three Dollars) for policy initial payment in North American Accident Co.

"GUY CHIESMAN,

"Agt."

And a letter, exhibit "D," from the appellant company, refusing payment on the policy for the reason that, according to the records of said company, it expired for nonpayment of premium June 1, 1913, were all introduced in evidence by the plaintiff in support of the allegations of the complaint, together with proof of the death of the insured.

This policy contains, among other things, the following conditions:

"The acceptance of any renewal premium shall be optional with the company, and if a past-due premium shall be accepted by the company or by a branch office of the company, or by any duly authorized agent of the company, such acceptance shall reinstate the policy in full as to disability resulting from accidental bodily injuries thereafter sustained. . . . .

"This policy, provided the policy fee has been paid to the company or its duly authorized agent, shall take effect at noon, standard time of the place of residence of insured, of the date hereof, and shall continue in force only so long as the premiums required hereon are paid on or before noon, standard time of the place of residence of the insured, of the first day of each month in advance, without notice to the company at its home office in Chicago, Illinois, or to the person designated in writing by the company to receive them. . . . . ".

The defendant called as a witness Guy Chiesman, the agent of the appellant company, who wrote the application and the policy, and who testified, substantially, that the insured approached him while he was at Grangeville, and that he had some talk about a previous policy which insured claimed to

have had in the appellant company written by an agent named King, to whom he paid the initial fee or payment, usually denominated policy fee, of $5, for which he claimed to have a receipt; that after some talk, the insured agreed to take another policy in the company, and it was understood that under the rules of the company he would have to make the initial payment of $5, only in case he had never been previously insured, and if he had been previously insured that the initial payment would be only $3; that it was understood that Chiesman should write the policy and that Price was to look up this old receipt and in case he found it he was to pay Chiesman $3,—otherwise he was to pay $5; that Price signed the written application and Chiesman wrote up the policy, which was thereafter properly executed by the home office of the company and, in the absence of the insured, delivered to his father; that afterward Chiesman met Price on the train going from Vollmer to Grangeville; that during a conversation, Chiesman asked Price whether he found his receipt and Price stated he had not looked for it; that thereupon Chiesman advised Price that he had left a policy for him at the livery-barn, and Price offered to pay the initial fee if he would tell him how much it was, and Chiesman replied that the amount he owed him depended upon whether Price had found his receipt from King; thereupon, Price paid him the initial fee of $3, and Chiesman gave him the receipt for the $3 referred to.

Witness Don. Fisher was called by the defendant for the purpose of corroborating the testimony of Chiesman, and testified, among other things, that he overheard the deceased say something about taking out a policy once and the agent had lost the application and that he had never got his policy; that something was said later on about a receipt, but witness could not state the exact conversation and did not hear it all.

F. L. Leonard was also called on behalf of the defendant, but we think the court properly sustained the objection made to his testimony upon the ground that it was immaterial.

This cause was, upon the facts substantially as narrated in this opinion, submitted to the jury, who were properly in-

structed by the court as to the law governing the case. The learned judge in his instructions directed the attention of the jury to the contested questions of fact and, among other things, said to them:

"You will notice that by the conditions of the said policy, he [insured] is to pay a policy fee of $5, and a payment of $3 on or before the 1st day of June, 1913, and $3 on or before the first of each month thereafter. I instruct you, however, that if the said fee of $3 was paid after the 1st day of June, 1913, to the said company, or to its agent, Guy Chiesman, and it was accepted by the said Guy Chiesman as such premium, and was so accepted prior to the death of the said Forest Price, that it would be immaterial that the said amount was not paid prior to the 1st day of June, 1913, but was so paid afterward, if you find such to be the fact. . . . .

"The principal question for you to determine in this case is whether this $3, which is receipted for on the 6th day of June was intended to be and was a payment for the premium for the month of June, 1913, on said policy, or whether it was a payment on the $5, which, by the said policy mentioned, was to be paid to the said company. In determining this question you will consider every fact and circumstance before you, and the testimony of all of the witnesses bearing upon the same; consider the amount shown to have been paid at that time, and whether the amount is the same amount provided in the policy shall be paid as the premium; consider the testimony of the witness Chiesman, with reference to when the $5 was to be paid, and under what circumstances, and when the $3 was to be paid in lieu of the said $5, and under what circumstances; consider every fact and circumstance before you bearing upon the question, and if you find that the premium for the month of June was not paid, then the plaintiff would not be entitled to recover; but if you find that the said premium was paid, and that the other allegations of the complaint are true, then the plaintiff would be entitled to recover."

Upon the issues thus made and the instructions of the court, the jury found for the plaintiff in the amount prayed for in the complaint.

So far as the facts are concerned, there is a substantial conflict in the evidence. That being true, the verdict of the jury will not be disturbed upon appeal. (*Montgomery v. Gray* (on rehearing), 26 Ida. 583, 585, 144 Pac. 646.)

It is contended by counsel for the appellant that there is no evidence to show that the agent Chiesman had any authority to waive a forfeiture, that any forfeiture was in fact waived by the company, that any payment was made which would be a waiver of the forfeiture, or that the company ever had any knowledge of the alleged payment.

The fact that Chiesman had authority to receive payments conferred upon him power to waive a forfeiture. The acceptance of a premium by the duly authorized agent of the company constitutes a waiver by the company of the forfeiture. Whether the company had knowledge of the payment would be immaterial providing the payment was actually made to the duly authorized agent of the company.

The jury properly found that the $3 had been paid to Chiesman, and that it was the premium due upon the policy for the month of June, 1913. The contract of insurance specifically provides that "The acceptance of any renewal premium shall be optional with the company, and if a past due premium shall be accepted by the company . . . . or by any duly authorized agent of the company, such acceptance shall reinstate the policy in full . . . . " Therefore, the payment of the premium to the duly authorized agent of the appellant company, and the acceptance of such payment, reinstated the policy, and the company is estopped, under its contract with the insured, to raise the question of reinstatement of the policy.

It is contended by counsel for the appellant that there is no evidence that any proof of loss was ever made to the company. But exhibit "D" is a letter written by the appellant company to the beneficiary under the policy, in which all lia-

bility of the company under the policy is denied for nonpayment of premium due June 1, 1913.

Proof of loss is made for the sole benefit of the insurance company, which it may waive. Thus upon receiving an unqualified refusal to pay, based upon a denial of liability on the part of the company, being equivalent to a waiver of proof of loss, a beneficiary would be justified in believing that the rendition of proof would be useless. And it is not necessary for the plaintiff to go further than to establish an absolute denial of responsibility and an unqualified refusal to pay by the company, in order to maintain an action upon the policy. (*Boyd v. Cedar Rapids Ins. Co.*, 70 Iowa, 325, 30 N. W. 585.)

We now come to a consideration of the seventh assignment of error relied on by appellant, viz., that the court erred in denying the defendant's motion to strike from the plaintiff's cost bill the following items:

| | |
|---|---|
| Ed. G. Price, 1 day, 1 mile........................ | $ 3.25 |
| I. C. Hattabaugh, 2 days, 38 miles.............. | 15.50 |
| A. Soards, 2 days, 1 mile........................... | 6.25 |
| Louis Howard, 1 day, 65 miles.................... | 19.25 |
| Clyde Price, 1 day, 1 mile.......................... | 3.25 |

In support of the motion for the allowance of these items of cost, counsel for respondent filed an affidavit in which, among other things, he stated that Hattabaugh, Soards, Howard and Price were necessary and material witnesses for the plaintiff, for the reason that the defendant in its answer set up a second and separate defense to the plaintiff's complaint (this second defense being upon the ground that the decedent and insured had changed his occupation from that given in the application for the insurance) ; that defendant abandoned such second defense, and his intention to do so was not known to the plaintiff prior to the trial of this cause; that plaintiff expected to rebut the testimony to be given by defendant in support of the second and separate defense by the witnesses above named, with the exception of witness Hattabaugh who, affiant stated, was on the train and was present at the conversation or part of it had between the decedent and Chiesman,

and who, affiant further stated, was formerly insurance commissioner of the state of Idaho and was and is an insurance agent and experienced in the duties and responsibilities of agents of insurance companies, and, as such, could testify as to the authority of Chiesman to act in the premises; that by reason of the defendant virtually abandoning its second separate defense, it was not necessary to introduce rebuttal evidence.

Counsel for the appellant, in support of his motion to tax costs, makes an affidavit in which, among other things, he says: "He is advised by Guy Chiesman, who was a witness in said action, that I. C. Hattabaugh only came from about Vollmer, Idaho, and did not hear any of the conversation between said Chiesman and the deceased Forest Price, and did not know any of the transaction between them; and said Hattabaugh rode on the same train but did not sit with them and did not hear the conversation, and knew no fact as to the said cause whatever."

We do not think appellant counsel's affidavit, based upon statements made by Chiesman, is sufficient to overcome the affidavit of counsel for respondent. It is, at most, hearsay evidence, and is only a partial denial of the affidavit of counsel for respondent.

The action of the court in allowing costs in favor of witness Hattabaugh, so far as the objections raised by counsel for appellant are concerned, was not erroneous.

Counsel for appellant further on in his affidavit states that witness Louis Howard lives with his brother Jack Howard, as affiant is advised and believes, and that he knew only the same facts testified to by his brother, or less about the transaction, if he knew anything.

We are aware of no rule that deprives a litigant of the right to subpoena a witness whose fees become a charge against the losing party, by reason of the fact that he is living with a brother who is also a witness in the case; or that because these witnesses live together it must be conclusively presumed that the knowledge of one with reference to certain facts is no greater than the knowledge of the other.

An affidavit which is made upon information and belief touching such matters is not sufficient to overcome the positive affidavit of the successful party to the litigation that such witness was a material one and that the disbursement was necessarily incurred in the action.

We have examined the objections made to the allowance of witness fees of Soards and Price, and find no merit in counsel's contention.

The judgment of the lower court and the order taxing costs, from both of which this appeal is prosecuted, are affirmed. Costs are awarded to respondent.

Sullivan, C. J., and Morgan, J., concur.