(No. 5551.   September 19, 1930.)

LESTER C. SANT, Administrator of the Estate of GEORGE SANT, Jr., Deceased, Respondent, v. CONTINENTAL LIFE INSURANCE COMPANY, ST. LOUIS, MISSOURI, a Corporation, Appellant.

[291 Pac. 1072.]

P. M. Condie and Gustin & Pence, for Appellant.

John A. Carver and Parker P. Carver, for Respondent.

GIVENS, C. J.—February 1, 1928, George Sant, Jr., took out with the appellant company a limited accident policy issued only to readers of the "Deseret News" of Salt Lake City. On November 24, 1928, while the policy was in force, he was injured in such a way that two days thereafter he died and this action was instituted by his son, as administrator, to recover under subdivision A of part 2 of the policy, which provided as follows:

($2,500 for loss of life) "By the wrecking or disablement of any automobile (motorcycles excepted) or horse-drawn vehicle not plying for public hire in which the insured is riding or driving or by being accidentally thrown from such wrecked or disabled automobile or vehicle."

At the conclusion of plaintiff's case the defendant presented no evidence but moved for a nonsuit, which was denied; thereupon plaintiff moved for a directed verdict, which motion was granted.

The only evidence as to the accident was given by Thomas J. Reeder and in substance is as follows: That Reeder was overseer of certain road work being done south of Treasureton on the day in question; that the deceased was employed in the same work and a little after noon, having secured his dinner, was coming up the road between North Treasureton and South Treasureton; that he was at that time riding upon a road grader, built on four wheels, with iron bars for spreaders, and a reversible blade swung underneath. The front wheels were about two and one-half feet apart, two feet high through the center, separated by an iron shaft; the rear wheels were about three feet in diameter, seven feet between the front and rear wheels, connected with iron bars. On the rear part of the grader is a wooden platform about one and one-half feet square for the man who operates the grader to stand on, and on the front, a seat for the driver. The grader was drawn by four horses hitched on each side of the tongue on four horse eveners; that there are wheels, on the rear portion, about four feet above the platform on which the operator stands, which raise and lower

the blade; that Mr. Sant, the deceased, was seen by the witness to be standing on the platform and at that time the grader was to go a distance of about 500 yards where Mr. Sant and the driver would begin actual work on the road. The horses were walking fast, about five miles an hour and after they had gone about 150 yards of the 500, the witness noticed the deceased lying on the ground. When he came up to him the deceased complained of having been hit in the abdomen, was taken home, given medical attention, and as stated above, died in two days. Examination of the grader and the scene of the accident immediately after the accident disclosed that just at the place of the accident the blade of the grader had hit a stone or rock in such a manner as to chip off a portion of the rock, throw the grader sideways, and so damage and bend the blade as to require its replacement thereafter and so sprain one side of the front axle that one of the wheels ran "kind of sideways." At the time of the accident it was not being fully operated as a grader but was going along the road to the place where operation thereof as a grader would begin.

Appellant contends that this grader was not a vehicle, that Sant was not riding *in* it; that it was not wrecked or disabled and that there was no evidence that he was injured in it or thrown from it, and that the conclusion that he was injured in such a way as to entitle him to compensation under the policy is basing a presumption upon a presumption.

Appellant cites cases defining a vehicle, and with reference to the definition of the word "in" (*Aetna Life Ins. Co. v. Vandecar*, 86 Fed. 282; *London Assurance Corp. v. Thompson*, 22 App. Div. 64, 47 N. Y. Supp. 830; *Hendrick* v. *Employers' Liability Assur. Corp.*, 62 Fed. 893; *Van Bokkelen v. Travelers' Ins. Co. of Hartford*, 34 App. Div. 399, 54 N. Y. Supp. 307; 14 R. C. L., p. 1241), arguing that under the definition of the word "in" and the construction placed upon the contract in cases similar to the transaction herein, respondent was not "in" the grader. It is further urged

that the doctrine in *Sweaney & Smith Co. v. St. Paul Fire etc. Ins. Co.*, 35 Ida. 303, at 316, 206 Pac. 178: "Contracts of insurance should be considered in view of their general objects and the conditions prescribed by the insurers, rather than on the basis of a strict technical interpretation,"— should control, and that since this policy was an extremely limited travel and pedestrian's policy, the word "in" should not be construed to mean "on."

In *Sweaney & Smith Co. v. St. Paul Fire etc. Ins. Co.*, *supra*, at p. 315, it was declared, however, that insurance policies will be strictly construed against the insurer and liberally construed in favor of the insured; and that "a clause in an insurance policy being susceptible of more than one construction, the one most favorable to the insured will be adopted."

Under the definition of a vehicle given in the authorities cited by appellant (39 Cyc. 1125; Webster's Dictionary; Bouvier's Law Dictionary; 8 Words and Phrases, p. 7284; *National Fire Ins. Co. of Hartford v. Elliott*, 7 Fed. (2d) 522, at 524, 42 A. L. R. 1121), that it is in substance "an instrumentality for transporting persons or things from place to place," the grader at the time of the accident was being so used. (*City of St. Louis v. Woodruff*, 71 Mo. 92; *Heib v. Town of Big Flats*, 66 App. Div. 88, 73 N. Y. Supp. 86; *White v. Loades*, 178 App. Div. 236, 164 N. Y. Supp. 1023.) The deceased was apparently as much "in" the grader as one could be, and there is no dispute that it was horse drawn and that it was disabled to some extent, though not wrecked, but the terms "wrecked" or "disabled" are in the policy, in the alternative.

Though the evidence as to the accident was circumstantial, the conclusion that at the time of the accident the deceased was riding in a vehicle and was thrown therefrom is not a presumption on a presumption but a legitimate deduction from such circumstantial evidence. Construing the provision of the policy under consideration most favorably to the insured, the evidence, there being no conflict

therein whatever, clearly justified the court in instructing a verdict for the plaintiff on the basis that at the time of the accident, the grader was being used as a vehicle and the deceased was accidentally thrown from the same when it was disabled.

It is unnecessary, and we do not pass upon the question as to whether a road grader solely in operation as such would be a vehicle within the contemplation of the policy considered herein.

The judgment is affirmed. Costs awarded to respondent.

Budge, Lee, Varian and McNaughton, JJ., concur.

Petition for rehearing denied.