(No. 6061. February 15, 1934.)

DALLAS B. WATKINS, a Minor, by NELLIE G. WATKINS, Guardian Ad Litem, Respondent, v. FEDERAL LIFE INSURANCE COMPANY, a Corporation, Appellant.

[29 Pac. (2d) 1007.]

Scatterday & Stone, for Appellant.

Hawley & Worthwine, for Respondent.

MORGAN, J.—This action was commenced by respondent to recover on an accident insurance policy issued by appellant. A jury was waived and the trial resulted in judgment for plaintiff, from which defendant appealed.

The record discloses that appellant, for a valuable consideration, issued a policy insuring respondent against loss by accident; that at a time when the policy was in force and effect and when respondent was using and operating a horse-drawn farm wagon equipped with a hay rack and was attempting to drive through a gate his attention was distracted and he so drove, or allowed the team to go, that the rack struck a gatepost and wrecked the wagon; that when the rack struck the post respondent fell forward on one knee and an object which be believed to be a staple from the fence (exactly what it was is not shown) struck him in the eye and destroyed the sight thereof.

The specifications of error question the sufficiency of the complaint; of the evidence and findings of fact to sustain the judgment, and, as stated in appellant's brief, present for our determination two points: ''1. The proper construction of the insurance policy involved; 2. Whether or not plaintiff's evidence brings him within the terms of the policy.''

Contracts of insurance are to be construed in view of their general objects and strict, technical interpretation is to be avoided. Where language may be given two meanings, one of which permits recovery and the other does not, it is to be given the construction most favorable to the insured. (*Sweaney & Smith Co. v. St. Paul etc. Ins. Co.*, 35 Ida. 303, 206 Pac. 178; *Sant v. Continental Life Ins. Co.*, 49 Ida. 691, 291 Pac. 1072; *Maryland Casualty Co. v. Boise Street Car Co.*, 52 Ida. 133, 11 Pac. (2d) 1090.)

The contract under consideration is a limited accident insurance policy, and it is recited therein that appellant ''HEREBY INSURES Dallas B. Watkins (hereinafter called the Insured) for a term of twelve (12) months from the date hereof, beginning at noon, standard time, of the day this Policy is dated, against accidental death, dismemberment or disability resulting, within sixty (60) days from the date of

accident, directly and independently of all other causes from bodily injuries sustained through external, violent and accidental means (suicide, sane or insane, or any attempt thereat, not included) for the amounts and in the manner set forth in Parts I, II, III, IV, V, and VI subject to the provisions, conditions and limitations contained in this Policy.''

Part I of the policy refers to railroad and steamboat accidents; Part II to street-car, bus and taxicab accidents, and Part III is as follows:

''PART III. AUTOMOBILE AND SPECIFIED FARM MACHINERY ACCIDENTS (a) For loss of life, both hands or both feet, sight of both eyes or one hand and one foot, sight of one eye and one hand or sight of one eye and one foot, sustained by the wrecking or disablement of any horse drawn or motor driven car or motorcycle in which the Insured is riding or driving or by being accidentally thrown therefrom, including accidents causing Death or disability sustained under the conditions specified in this Part while using or operating farm wagons, mowers, binders, plows and other farm machinery which is motor driven or horse drawn, the Company will pay the sum of ...... $1,000.00 (b) For loss of either hand or foot or sight of one eye sustained as the result of accident specified in Paragraph (a) of this Part, the Company will pay the sum of $400.00.''

Respondent's right of recovery, if it exists, is provided for in paragraph (b) above quoted. In construing that paragraph reference must be had to the provisions of paragraph (a) in order to determine what is meant by the phrase ''as the result of the accident specified in paragraph (a) of this Part.'' What accident, if any, to which the facts of this case are applicable is specified in paragraph (a) and covered by paragraph (b)?

Appellant would make the phrase ''sustained by the wrecking or disablement'' controlling. As we understand appellant's contention it amounts to this: That respondent is not entitled to recover if the loss of the sight of his eye was occasioned by the accident which wrecked the wagon, unless the injury was produced by the wreck; that the evidence

fails to show the object which destroyed the sight of his eye came from, or was set in motion by the wreck, and, therefore, he is not entitled to recover.

██ ██ We are not in accord with that contention. The contract must be read and considered as a whole, and the meaning and intention of the parties determined therefrom. When so read it is clear they agreed appellant would pay respondent the compensation therein mentioned in the event of the loss of the sight of one eye, sustained in an accident which wrecked a horse-drawn farm wagon while he was operating and using it.

██ The trial judge found, and the finding is supported by the evidence, ''that said injury and disablement was sustained through external, violent and accidental means and independently of all other causes, and was sustained as a result of the accident,'' hereinbefore described.

It is true the evidence does not show what struck respondent's eye, nor does it show conclusively what put the missile in motion, but the reasonable inference from the undisputed testimony is that the object which struck respondent's eye, and destroyed the sight of it, was put in motion by the accident which wrecked the wagon, and was one of the results thereof. These facts bring respondent's injury within the meaning of the contract of insurance expressed in the policy.

██ Issues of fact in civil cases are to be determined in accordance with the preponderance of the evidence and need not be established beyond a reasonable doubt. (*Adams v. Bunker Hill etc. Min. Co.,* 12 Ida. 637, 89 Pac. 624, 11 L. R. A., N. S., 844; *Newman v. Great Shoshone etc. Power Co.,* 28 Ida. 764, 156 Pac. 111; *Roe v. Boise Grocery Co.,* 53 Ida. 82, 21 Pac. (2d) 910.)

The judgment is affirmed. Costs are awarded to respondent.

Budge, C. J., and Givens, Holden and Wernette, JJ., concur.