## NATIONAL STANDARD LIFE INS. CO. v. SMITH et al.

### No. 1522.

Court of Civil Appeals of Texas. Waco.

Oct. 18, 1934.

Rehearing Denied Nov. 22, 1934.

Muse & Muse, of Dallas, for appellant.

H. T. Cooper, of Fort Worth, for appellees.

STANFORD, Justice.

This cause was instituted in the district court of Johnson county on October 17, 1932, by Mrs. Ida Frances Smith, joined pro forma by her husband, A. G. Smith, against the National Standard Life Insurance Company, a Texas insurance company, to recover upon a $1,000 policy of insurance issued by the defendant company on the life of Joseph Robert Snell, the son of Mrs. Ida Frances Smith, who was named as beneficiary in said policy.

The plaintiff's petition alleged that the policy was issued and dated on October 20, 1931, and in consideration of the payment to defendant of quarterly premium of $3.41, the defendant obligated itself to pay, upon receipt at its home office of due proof of death of the insured, Joseph Robert Snell, occurring before the said insured reached the age of eighty-five years and while said policy was in full force; that concurrently with the issuance of said policy, and in consideration of the payment to defendant of the additional sum of 31 cents, there was issued and attached to said policy a supplemental contract denominated "Total and Permanent Disability Waiver of Premium," which provided for extended insurance in the event of total disability; that the insured, Joseph Robert Snell, became disabled on February 19, 1932, within the grace period provided by said policy, and that he died on February 26,

1932; and that by reason of the commencement of such disability on February 19, 1932, after default in the payment of the premium due on January 20, 1932, that said policy was continued in full force and effect.

The quarterly premium was due on the policy in question on January 20, 1932. The policy contained the usual grace period so that the insured had until the 20th day of February, 1932, in which to pay the premium. The supplemental contract provided for waiver of premiums in the following terms:

"Hereby agrees that upon receipt at its Home Office of due proof, on forms which will be furnished by the company on request, that the insured has, while said policy and this supplemental contract are in full force and before the attainment of age Sixty by the insured, become totally disabled as the result of bodily injury or disease occurring after the issuance of said policy and this supplemental contract, and will be thereby prevented from engaging in any occupation for remuneration or profit, and that such disability has already continued uninterruptedly for a period of at least four months (such disability of such duration being deemed to be permanent), the company during the continuance of such disability will:

"Waive the payment of premiums falling due under said policy and this supplemental contract after the commencement of such disability, provided however that no premium shall be waived the due date of which is more than six months prior to the date of receipt at the Home Office of the Company of written notice of claim hereunder. In case any premium on said policy and this supplemental contract is in default before receipt at the Home Office of the Company of written notice of claim hereunder, waiver of premiums hereunder shall be made only if—

"(a) The total disability for which claim is made commenced prior to the due date of the first premium in default, and

"(b) The written notice of claim hereunder is received at the Home Office within six months of the due date of such premium, provided however, that if the date of commencement of the disability for which claim is made is subsequent to the due date of the first unpaid premium on said policy but within the grace period allowed by said policy for payment of such premium and written notice of claim hereunder is received at the Home Office within seven months from the due date of such premium in default, the claim shall not be invalid by reason of such nonpayment

of premium, but if the claim is otherwise valid, it shall be allowed and the Insured shall be liable to the Company for such premium in default with interest at six per centum per annum, which amount may be deducted from any payments due the Insured under the policy or hereunder. * * *

"Written notice of claim hereunder must be presented to and received at the Home Office of the Company (a) during the lifetime of the insured, and (b) during the continuance of total disability, otherwise the claim shall be invalid; provided however, that failure to give such notice within such times shall not invalidate any such claim if it shall be shown that it was not reasonably possible to give such notice within such times and that such notice was given as soon as was reasonably possible."

The trial court found that the insured became totally disabled by disease on February 19, 1932, and that he so remained until his death on February 26, 1932; that written notice of such disability was given to the company during July, 1932, and within less than seven months of the due date of the first premium in default, as provided for in said supplemental contract; that it was not reasonably possible to give notice to the company of such disability during the lifetime of the insured, nor during the continuance of total disability; and that such notice was actually given to the insurer as soon as was reasonably possible.

Under the provisions of the policy, in order to effect a waiver of premium, it was only necessary that proof be furnished to the company showing that the insured, while the policy was in force, became totally disabled from disease and that such disability had continued uninterruptedly for at least four months. Such notice was required to be given to the company during the lifetime of the insured or during the continuance of such disability if it was reasonably possible to do so, otherwise it might be given as soon as it was reasonably possible to do so not exceeding seven months from the due date of the premium in default. The trial court on ample evidence found that the insured became totally disabled at a time prior to the expiration of the grace period. There is no dispute about such disability having continued for at least four months. In fact, it was permanent. Death foreclosed that issue. Proof of such disability was made to the company within less than seven months from the due date of the premium in default. Hence the company was obligated to "waive

all premiums falling due * * * after the commencement of such disability."

The appellant lays much stress on that part of the policy wherein it is provided that proof must be furnished "that such disability has already continued uninterruptedly for a period of at least four months." Its contention in this respect is that such disability must have continued at least four months prior to the due date of the premium in default. The policy, however, does not so provide. It provides that the disability must have continued at least four months at the time the proof was filed. This was for the purpose of assuring the company that the disability was in fact permanent. Under the terms of the policy, the proof could be submitted as late as seven months after the premium matured, provided such proof showed that the total disability period had commenced prior to the due date of the first premium in default.

In the case of State Life Ins. Co. v. Barnes, 58 S.W.(2d) 189, 190, the Court of Civil Appeals for the Third district, said:

"While the authorities in other jurisdictions are not in accord upon the question, those in this state, which we think are supported by the better reasoning, hold that the waiver took effect at the time of the disability, and did not depend upon the time when proof thereof was furnished. Minnesota Mut. Life Ins. Co. v. Marshall (C. C. A.) 29 F.(2d) 977; Mid-Continent Life Ins. Co. v. Hubbard (Tex. Civ. App.) 32 S.W.(2d) 701 (error ref.); Missouri State Life Ins. Co. v. Le Fevre (Tex. Civ. App.) 10 S.W.(2d) 267 (error dis.); State Life Ins. Co. v. Fann (Tex. Civ. App.) 269 S. W. 1111 (error ref.); Merchants' Life Ins. Co. v. Clark (Tex. Civ. App.) 256 S. W. 969 (error ref.)."

To the same effect are the holdings in the cases above referred to.

Appellant further contends that in order to effect a waiver of premium, written notice was required to have been received by the company (a) during the lifetime of the insured, and (b) during the continuance of total disability, and since the insured died before such proof was furnished and within less than four months after becoming ill, there was no waiver of premium. The policy does contain provisions such as above referred to, but further provides that such provisions shall not apply if it is not reasonably possible to give such notice within the time therein provided for. The trial court found that it was not reasonably possible to give such notice during the lifetime of the insured. Hence the provisions relied on by appellant do not apply. The fact that the insured did not live for the full period of four months after becoming totally disabled does not alter the case. His disability became total prior to the expiration of the grace period and so continued until he died. Hence his total disability was permanent. Permanent disability necessarily includes disability for the more limited period of four months, as provided for in the policy.

For the above reasons, we are of the opinion that the judgment of the trial court should be affirmed.