(No. 6427.   May  14, 1937.)

DELLA KINGSFORD, Respondent, v. BUSINESS MEN'S ASSURANCE COMPANY OF AMERICA, a Corporation, Appellant.

[68 Pac. (2d) 58.]

728

Merrill & Merrill, for Appellant.

H. A. Baker, for Respondent.

MORGAN, C. J.—Respondent is the beneficiary named in a policy of insurance written by appellant on the life of her sister, Emma Kingsford, May 13, 1931. The premiums, which were payable quarterly, were paid to and including that which fell due August 13, 1933. Thirty-one days grace is provided in the policy for the payment of each premium, so that the payment made August 13, 1933, continued the policy

in force until December 14 of that year. The insured died January 13, 1934. Payment of the insurance was refused on the ground the policy had lapsed for nonpayment of the last premium due before the death of insured. This action was commenced and prosecuted on the theory that payment of that premium was waived by the terms of the policy because of total, permanent disability of insured at the time it became due. Trial to the district judge, without a jury, resulted in judgment for plaintiff for the amount of insurance provided for in the policy, together with interest thereon and costs. The appeal is from the judgment.

The provisions of the policy, understanding of which is necessary to a decision of the case, are as follows:

"Total and Permanent

"Disability Benefits

"1. If the assured shall become totally disabled, physically or mentally, as the result of bodily injuries or disease, so that he is wholly prevented from performing any work, following any occupation, or engaging in any business for remuneration or profit, and if such injuries are received or disease contracted and the disability resulting from such injuries or disease shall begin while the insurance under this policy is in full force and before the anniversary of the policy on which the assured's age at nearest birthday is sixty, upon receipt at its Home Office of due proof of such disability, and that it has continued for a period of at least four consecutive months immediately preceding receipt of proof, the Company will, during the continuance of such disability, waive the payment of any premiums falling due after the commencement of such continuous, total disability, the premium waived to be the annual, semi-annual, or quarterly premium, according to the mode of payment in effect when disability occurs, but no premium falling due more than six months prior to receipt at the Home Office of the Company of written notice of claim hereunder will be waived.

"When Premium

"is Past Due

"2. In case any premium is in default before receipt at the Home Office of the Company of written notice of claim hereunder, waiver of premium shall be granted only if the

total disability for which claim is made commenced before the termination of the grace period for payment of the first premium in default, and if written notice of the claim hereunder is received at the Home Office within six months from the due date of such unpaid premium. Then, if the claim is otherwise valid, it shall be allowed and the assured shall be liable to the Company for such premium in default with interest at 6% per annum, which amount may be deducted from any amount due the assured.

"Notice of

"Claim

"3. Written notice of claim hereunder must be presented to, and received at, the Home Office of the Company during the lifetime of the assured, and during the continuance of total disability; otherwise, the claim shall be invalid, provided, however, that failure to give such notice within such times shall not invalidate such claim if it shall be shown that it was not reasonably possible to give such notice within such times and that such notice was given as soon as was reasonably possible."

Appellant contends its obligation to waive premiums occurs only in case (1) insured becomes totally and continuously disabled and, (2) disability has continued for a period of at least four consecutive months and, (3) receipt by it of proof of these facts.

The evidence shows, and the trial judge found that, November 11, 1933, while the policy was in full force and effect, and before default in the payment of any premium, and before the anniversary of the sixtieth birthday of insured, she became and thereafter continuously remained, as a result of disease, totally disabled and, by reason thereof was, on said day, and continuously thereafter, wholly prevented from performing any work, following any occupation, or engaging in any business for remuneration or profit, and that her physical condition grew progressively worse from November 11, 1933, to January 13, 1934, when she died.

Respondent gave appellant notice of her claim to insurance by her affidavit, sworn to January 29, 1934, in which she stated the date of insured's death; that November 12, 1933, insured became totally disabled by diseases, from which she

was then suffering, and which caused her death and was, by reason of such disability, wholly prevented from performing any work, following any occupation, or engaging in any business for remuneration or profit; that such disability continued without interruption from November 12, 1933, until the date of insured's death; that by reason of the nature of her diseases and their devastating effect on insured, it was not reasonably possible for her to give notice of such total disability and claim to waiver of premiums prior to her death, or that notice be given by another at a date earlier than that of the affidavit.

If appellant was entitled to any other proof than that contained in the affidavit its right thereto was waived by its denial of liability and refusal to furnish blanks on which proof might be made. In a letter written to respondent's attorney, by an agent and representative of appellant, February 6, 1934, the following is stated:

"Consequently we are obliged to inform you that it is our opinion there is no indemnity payable by reason of Miss Kingsford's death for the reason her policy lapsed on December 14, 1933, because of her failure to pay the premium which fell due November 13, 1933. December 14, 1933, was the expiration of the grace period.

"And since the policy was not in force at the time of Miss Kingsford's death we are not sending blanks as requested.

"In writing this letter this Company does not waive any of the terms or provisions of the policy L-141674, or any forfeiture that may have accrued to us thereunder."

Regardless of the statement contained in the last paragraph of the letter, appellant, by denying liability on the ground the policy had lapsed, and by refusing to furnish blanks on which to make proof of respondent's right to the insurance, waived its right to further proof thereof. (*Allen v. Phoenix Assur. Co.,* 12 Ida. 653, 88 Pac. 245, 10 Ann. Cas. 328, 8 L. R. A., N. S., 903; *Price v. North American Acc. Ins. Co.,* 28 Ida. 136, 152 Pac. 805; *Federal Life Ins. Co. v. Lewis,* 76 Okl. 142, 183 Pac. 975, 5 A. L. R. 1637.)

Respondent's right to recover depends on the meaning of that part of the policy which provides:

"If the assured shall become totally disabled . . . . while the insurance under this policy is in full force . . . . upon receipt at its Home Office of due proof of such disability, and that it has continued for a period of at least four consecutive months immediately preceding receipt of proof, the Company will, during the continuance of such disability, waive the payment of any premiums falling due after the commencement of such continuous, total disability, . . . . "

■■ In examining this phase of the case, the rule followed in *Watkins v. Federal Life Ins. Co.*, 54 Ida. 174, 176, 29 Pac. (2d) 1007, 1008, should be applied:

"Contracts of insurance are to be construed in view of their general objects and strict, technical interpretation is to be avoided. Where language may be given two meanings, one of which permits recovery and the other does not, it is to be given the construction most favorable to the insured. (*Sweaney & Smith Co. v. St. Paul etc. Ins. Co.*, 35 Ida. 303, 206 Pac. 178; *Sant v. Continental Life Ins. Co.*, 49 Ida. 691, 291 Pac. 1072; *Maryland Casualty Co. v. Boise Street Car Co.*, 52 Ida. 133, 11 Pac. (2d) 1090.)"

Much of the confusion which exists in the case law of this country, growing out of interpretation of policy provisions for waiver of premiums because of disability of insured, is due to differences in the contracts construed. We believe we will do well to confine ourselves to the pertinent provisions of the policy involved in this action, without attempting to reconcile decisions based on contracts containing stipulations materially differing from those here under consideration.

An examination of the policy involved in this case shows liability on the part of the insurer to carry the insurance without payment of premiums rests on the existence of disability, not on proof of it. This is shown by the fact that the premiums agreed to be waived, in paragraph 1, heretofore quoted, are not those accruing after *proof* of disability, but those accruing after *commencement* of disability. It is also shown by the provision in paragraph 2, as follows:

"In case any premium is in default before receipt at the Home Office of the Company of written notice of claim hereunder, waiver of premium shall be granted only if the total disability for which claim is made commenced before the

termination of the grace period for payment of the first premium in default, . . . . ''

Had it been the intention of the parties to this contract that exemption from payment of premiums was to be dependent on giving notice and making proof of disability, it would have been provided therein that failure to give the notice and make the proof while the policy was in force would terminate it. Instead of that, provision was made for exemption from payment of premiums from the commencement of disability, on subsequent proof that the policy was in force at the time the disability commenced, although it would not have been in force at the time of notice and proof except for the disability.

█ Neither the provision in paragraph 1, heretofore quoted, to the effect that proof shall be made that disability has continued for a period of at least four consecutive months, nor the provision in paragraph 3, to the effect that notice of claim for exemption must be presented to, and received at, the home office of the company during the lifetime of the insured and during the continuance of total disability, otherwise the claim shall be invalid, has application to a case, such as this, where the disability terminated in death.

█ Employment in the policy of the words ''Total and Permanent Disability Benefits'' justifies the construction that every disability, though total, does not render the insurer liable to carry the insurance without premium. To invoke that benefit the disability must have permanency within the meaning of the policy. There can be no doubt that disability which continues from the time it is incurred until the death of its victim is permanent. However, that is not the only type of permanent total disability provided for in policies of this class. If total disability occurs, which continues uninterruptedly for a period of four months, it entitles the insured, although he survive and recover, to the benefit of the ''total and permanent disability'' provision and the insurer is obligated to carry the insurance without premium from the commencement of the disability until its termination.

The requirement in paragraph 3 that written notice of claim must be presented ''during the lifetime of the assured, and during the continuance of total disability; otherwise, the

claim shall be invalid," is limited by the proviso "that failure to give such notice within such times shall not invalidate such claim if it shall be shown that it was not reasonably possible to give such notice within such times and that such notice was given as soon as was reasonably possible."

In this case it was impossible for the insured to give notice or make proof of the continuance of her total disability for a period of four months, because she did not live that long after its commencement. It was unnecessary that anyone else do so because her death rendered permanent the disability from which she had continuously suffered from November 12, 1933. (*Mutual Life Ins. Co. v. Morris,* 191 Ark. 88, 83 S. W. (2d) 842; *National Standard Life Ins. Co. v. Smith et al.,* (Tex. Civ. App.) 75 S. W. (2d) 1102; *Bank of Commerce etc. Co. v. Northwestern Nat. L. Ins. Co.,* 160 Tenn. 551, 26 S. W. (2d) 135, 68 A. L. R. 1380; *Minnesota Mut. Life Ins. Co. v. Marshall,* 29 Fed. (2d) 977.)

Because of total and permanent disability of insured, within the meaning of the policy, payment of the premium which, had it not been waived would have been due November 13, 1933, was waived and the policy was in full force and effect at the time of her death.

The judgment is affirmed. Costs are awarded to respondent.

Holden, Ailshie and Givens, JJ., concur.