**260**

NICHOLS and THOMPSON CORE
DRILLING COMPANY, Inc., a
corporation, Plaintiff,

v.

The HOMELAND INSURANCE COM-
PANY OF AMERICA, a corpo-
ration, Defendant.

No. 3256.

United States District Court
D. Idaho, S. D.

Feb. 11, 1957.

David Doane (of Givens, O'Leary,
Doane & Givens), Boise, Idaho, for plain-
tiff.

Willis C. Moffatt, Boise, Idaho, for de-
fendant.

TAYLOR, District Judge.

This matter is before the Court on de-
fendant's motion for a summary judg-
ment. Jurisdiction is founded on diver-
sity of citizenship. 28 U.S.C.A. § 1332.

The insured, a corporation organized
under the laws of Idaho, brings this ac-
tion against the insurer, a New York
corporation, to recover under a sched-
uled property floater policy for the loss
of certain diamond drilling equipment
which, on May 16, 1953, was dumped in-
to the Snake River at a point approxi-
mately two miles downstream from the
Bliss bridge in Gooding County, Idaho,
when a pontoon-supported drilling plat-
form bearing the equipment began to
twist and plunge in the current, snapped
a mooring cable and capsized.

The insurer has answered, and now
moves for a summary judgment on the
ground that the pleadings and the an-
swer of Alvin P. Nichols, president of
the insured, to the insurer's interroga-
tories show that the insurer is entitled
to judgment as a matter of law.

The policy contains an exclusionary clause which reads, in part, as follows:

"This policy does not insure against:

\* \* \* \* \* \*

"(c) Loss or damage except by Fire while the insured property is being waterborne unless otherwise endorsed hereon."

The insured contends that the phrase "is being waterborne" connotes movement, and must be defined as meaning "carried or conveyed by water", or, in the alternative, that it is capable of two meanings, and is, therefore, ambiguous. The insurer argues that the expression means "supported by water", and that it is unambiguous.

■■■ The policy is an Idaho contract, and this Court must resolve the meaning of the phrase, and the question of whether it is ambiguous, aided by the state decisions, if any in fact exist. New York Life Ins. Co. v. Wilson, 9 Cir., 178 F.2d 534, 535. But, unfortunately, this phrase has not been subjected to judicial interpretation, and this Court must look to the lexicographers for enlightenment.

The word "water-borne", when used as an adjective, has been defined as follows: "Borne or conveyed by water; carried in a boat or vessel; floated." The Century Dictionary. "Of a boat: Supported by the water so as to be clear of the ground or bottom upon which it has rested; afloat. \* \* \* Of goods: a. Carried or transported by water; conveyed by ship or boat. Hence of traffic, commerce. b. Put aboard a vessel for shipment. \* \* \* " The Oxford English Dictionary. "1. Floated or floating upon the water; supported by water so as not to sink or to touch bottom. 2. Conveyed by water or by boat; as, *waterborne* traffic. \* \* \* " Webster's New International Dictionary of the English Language, Second Edition. "I. a. 1. Carried upon the water; borne by water; floated. \* \* \* " Funk & Wagnalls' New "Standard" Dictionary of the English Language.

The word "ambiguous" is defined as meaning "[c]apable of being understood in either of two or more possible senses; equivocal; \* \* \* ". Webster's New International Dictionary of the English Language, Second Edition.

■■■ The Supreme Court of Idaho has consistently held that, where language in contracts of insurance may be given two meanings, one of which permits recovery and the other does not, it is to be given the construction most favorable to the insured.

"It is urged by appellant that the contract of insurance is unambiguous and that there is no room for interpretation; that being unambiguous it will be construed as any other contract. This court has so held. Maryland Casualty Co. v. Boise Street Car Co., 52 Idaho 133, 11 P.2d 1090. On the other hand, this court has also committed itself to the rule with reference to insurance policies that in instances where a clause therein is susceptible to more than one construction the one most favorable to insured will be adopted, and such contracts will be construed in view of their general objects and the conditions prescribed by the insurer rather than based upon a strict and technical interpretation. O'Neil v. New York Life Ins. Co., 65 Idaho 722, 152 P.2d 707; Rollefson v. Lutheran Brotherhood, 64 Idaho 331, 132 P.2d 758. \* \* \* " Penrose v. Commercial Travelers Insurance Company, 75 Idaho 524, 532, 275 P.2d 969, 973.

Cf. Sweaney & Smith Co. v. St. Paul Fire & Marine Ins. Co., 35 Idaho 303, 315–316, 206 P. 178; Sant v. Continental Life Ins. Co., 49 Idaho 691, 696, 291 P. 1072; Maryland Cas. Co. v. Boise Street Car Co., supra; Watkins v. Federal Life Ins. Co., 54 Idaho 174, 176, 29 P.2d 1007; Kingsford v. Business Men's Assur. Co., 57 Idaho 727, 733, 68 P.2d 58; Rauert v. Loyal Protective Ins. Co., 61 Idaho 677, 686, 106 P.2d 1015; Rosenau v. Idaho Mut. Benefit Ass'n, 65 Idaho 408, 412–413, 145 P.2d 227; Wil-

son v. New York Life Ins. Co., D.C. Idaho 1949, 82 F.Supp. 292, 294, affirmed, 9 Cir., 178 F.2d 534.

As the phrase "is being waterborne" is capable of being understood in either of two possible senses, it is ambiguous, and the meaning most favorable to the insured must be adopted. " * * * where two interpretations, equally fair, of language used in an insurance policy may be made, that which allows the greater indemnity will prevail." 29 Am. Jur., Insurance, § 166.

 When the language in question is given the construction most favorable to the insured, it is clear that the exclusionary clause does not preclude recovery for the loss of the drilling equipment, and, therefore, the motion for a summary judgment must be denied.

Accordingly, it is ordered that defendant's motion for a summary judgment be, and the same is hereby denied.