COLE, Judge.
This appeal by plaintiff-appellant, Commercial Union Insurance Company, is from a judgment of the trial court couched in language as one maintaining an exception of no right or cause of action by the defendant-appellee, Reliance Insurance Company. Although postured as such an appeal, it was urged by counsel in argument before this Court that the trial court treated the exception as a motion for summary judgment. Aside from any such consideration, counsel has explicitly submitted the matter to us on the basis of an appeal from a judgment granting a motion for summary judgment, and, accordingly, we proceed. In so doing, we are aware that the question of law before us will have been decided, thereby possibly avoiding further delay and the unwise use of time by our judicial system.
The facts of the case as provided by the appellant’s petition disclose that Advanced *300 Coatings, Inc., entered into a lease with Barouco, Inc., appellant’s insured, for sandblasting machinery and equipment. Pursuant to the lease agreement, Advanced Coatings agreed to indemnify Barouco for any loss or damage to the leased equipment while in Advanced’s possession.
On August 16, 1974, while Advanced Coatings was in possession of the leased equipment, the barge on which the equipment had been placed sank in the Mississippi River adjacent to a dock. As a result of damage caused by the accident, the leased equipment was allegedly rendered a total loss.
The appellant, Commercial Union Insurance Company, paid its insured, Barouco, for the loss sustained and thereby became subrogated to its rights against Advanced Coatings under the indemnity agreement in the lease. The appellant sued Advanced Coatings (erroneously named as “Advance Coatings Company”) and its insurer, Reliance Insurance Company, for damages resulting from the loss of the leased equipment.
Appellee, Reliance Insurance Company, filed a peremptory exception of no right or cause of action, attaching to the exception a copy of the insurance policy issued to Advanced Coatings and cited the following policy exclusion as a basis for the exception:
“6. THIS POLICY DOES NOT INSURE AGAINST:
* * * * * *
“(h) Loss or damage caused while the property is water-borne except while being transported on any regular ferry; * $ if*
The trial court granted judgment in favor of the appellee, purportedly based on the language of the policy exclusion.
The issue presented by this appeal is whether the policy exclusion relieves Reliance from any liability to the appellant.
The appellee asserts that the above-quoted policy exclusion relieves it of liability because the property was allegedly damaged while located on a barge in the river. Appellee contends that the word “waterborne” used to describe the property in the policy exclusion means supported on water, and thereby relieves the insurer of liability for all water risks.
The appellant, on the other hand, contends that the word “water-borne” means transported by water. To augment this contention, the appellant notes the use of the word “water-borne” in the context of the entire phrase. Appellant points out that the remainder of the contested clause states “except while being transported on any regular ferry” to indicate that “waterborne” is used to mean transported rather than merely supported.
In the alternative, the appellant asserts that, at best, the clause in question is ambiguous and should be interpreted so as to effectuate coverage rather than defeat it.
Insurers may limit their liability or impose conditions upon their liability; unambiguous provisions to this end must be given effect. Snell v. Stein, 261 La. 358, 259 So.2d 876 (1972); Breaux v. St. Paul Fire and Marine Insurance Company, 326 So.2d 891 (La.App. 3rd Cir. 1976).
However, the general rule is well established that when insurers seek to limit their liability by means of policy exclusions, the insurer has a duty to express clearly the limitations of its obligations. Consequently, ambiguities in exclusionary clauses are to be construed against the insurer and in favor of coverage. Snell v. Stein, supra; Bushing v. Protective National Insurance Company of Omaha, 315 So.2d 876 (La.App. 3rd Cir. 1975); Smith v. Ranger Insurance Company, 301 So.2d 673 (La.App. 3rd Cir. 1974); Hendrix Electric Company, Inc. v. Casualty Reciprocal Exchange, 297 So.2d 470 (La.App. 2nd Cir. 1974).
It is equally well established that any ambiguities in policy provisions are given a construction which is most favorable to the insured and which effectuates coverage rather than defeats it. Lea v. St Paul Fire and Marine Insurance Company, 306 So.2d 740 (La.1975); Levy v. Duclaux, 324 So.2d 1 (La.App. 4th Cir. 1975); Vinet v. Hano, 281 So.2d 183 (La.App. 4th Cir. 1973).
*301 The word “waterborne” has been defined to mean:
“1: floated or floating upon the water: supported by water so as not to sink or to touch bottom 2a: conveyed by water and esp. by boat (traffic)” (Webster’s Third New International Unabridged Dictionary, 1966)
This Court is cognizant of no other case in Louisiana jurisprudence which has considered the meaning of this word in the context of a similar policy exclusion. Counsel for appellant in argument before this Court elicited a federal case in which the same word in a similar insurance policy exclusionary clause was determined to be ambiguous. Thus, in that case the Court attributed to it the construction most favorable to the insured. Nichols & Thompson Core Drilling Company, Inc. v. Homeland Insurance Company, 148 F.Supp. 260 (D.Idaho, S.D.1957). The trial court was not favored with this citation of authority.
It is apparent to this Court that the use of the word “water-borne,” when considered in the context of the entire clause, connotes transportation by water. However, the most that can be said of the word is that it can be understood in either of two possible meanings and, therefore, is ambiguous. In such a situation the language should be construed in favor of effectuating coverage. When given such a construction, the exclusionary clause, except where a regular ferry is the mode, precludes recovery only for losses caused while the property is being transported by water.
The record before us does not demonstrate whether the barge was being used to transport the equipment from one place to another at the time it sank or whether it was in a stationary position being used solely to support the equipment for operational purposes. We cannot speculate as to the factual basis upon which the matter may have been submitted to the trial court, nor is it fair to the trial judge for this Court to consider affirmation or reversal on a procedural basis different from that presented him. A different result may obtain because of the varying rules of evidence with respect to a peremptory exception of no cause of action as contra-distinguished from a motion for summary judgment. Because of the peculiar development of these proceedings, we cannot determine whether the judgment of the trial court is correct.
We deem it in the interest of justice to vacate and set aside the judgment which dismissed plaintiff’s suit as to Reliance Insurance Company, and to remand this case for further proceedings in accordance with the views herein expressed. This allows a more orthodox summary judgment procedure to be employed by counsel, enabling the trier of fact to determine if there is a genuine issue as to the pivotal material fact above discussed and, accordingly, whether mover is entitled to judgment as a matter of the law expressed herein. Louisiana Code of Civil Procedure art. 966.
The costs of this appeal are to be borne equally by appellant and appellee.
VACATED AND REMANDED.