## Continental Life Ins. Co. *v.* Turnbough.*

(Division A.   May 28, 1928.)

[117 So. 334.   No. 27210.]

*Corpus Juris-Cyc. References: Accident Insurance, 1CJ, p. 442, n. 7; Work, 40Cyc, p. 2802, n. 17.

*Brady, Dean & Hobbs,* for appellant.

*A. A. Cohn,* for appellee.

Argued orally by *W. W. Hobbs,* for appellant.

McGowen, J. In the justice of the peace court Walter D. Turnbough, plaintiff below, appellee here, sued the

Continental Life Insurance Company, defendant below, appellant here, for seventy-five dollars, on account of injuries received in an accident wherein appellee claimed he was knocked down by an automobile while standing or walking on a public highway. There was a judgment for the plaintiff in the justice of the peace court, and an appeal to the circuit court, where the plaintiff recovered judgment, and appeal is prosecuted to this court and many errors are assigned.

It clearly appears from the evidence of the plaintiff that he contends that an automobile standing still turned over on him while he was in the public highway and caused his injuries.

The material part of the policy is as follows:

"Continental Life Insurance Company, Saint Louis, Missouri, a Stock Company.

"No. 17025 CA. Issued through Arrangement with the Commercial Appeal.

"This policy provides indemnity for loss of life, limb, sight or time by accidental means, to the extent herein limited and provided:

"Travel and Pedestrian Accident Policy, NA. 308.

"In consideration of the premium paid by the insured and subject to the terms, conditions and limitations hereinafter contained, the Continental Life Insurance Company, hereinafter called the company, does hereby insure Walter D. Turnbough, hereinafter called the insured, for a term of twelve (12) months from date hereof, beginning and ending at twelve o'clock noon, standard time of the place where the insured resides, against death or disability resulting directly, independently and exclusively of all other causes from bodily injuries effected solely through external, violent and accidental means and sustained by the insured in the manner following: . . .

"Part three:

"(A) By being struck or knocked down or run over while walking or standing in or on a public highway, by

any automobile or any vehicle propelled by steam, cable, electricity, naphtha, gasoline, horse, compressed air or liquid power (excluding injuries sustained while working in a public highway, or while on a railroad right of way). . . .

"Part four:

. . . . . .

"(B) If the insured shall, during the terms of one year from the beginning of the insurance covering such insured, as provided herein, by the means and under the conditions recited in part three be immediately and wholly disabled and prevented by injuries so received from performing any and every duty pertaining to any and every kind of business or occupation, the company will pay the indemnity at the rate of five dollars ($5) per week, but not exceeding fifteen (15) consecutive weeks."

See record, page 6.

In the court below the parties were at issue as to whether or not the agency causing the injuries was an automobile. There was an issue also, as to whether the particular spot on which appellee stood at the time he was injured was in the public highway. The jury resolved all these questions in favor of the appellee. The defendant asked for a peremptory instruction in the court below, and same was refused.

The appellee said he was at his place of business for the purpose of telling some negroes who were working for him what he wanted them to do; and, then in another place, he said he was attending to his business, giving a few orders to some negroes.

It will thus be seen that the appellee was pursuing his usual avocation at the time of the injury, and that he was in a public highway, and it will be observed that this policy for which he paid eighty-five cents a year did not insure him against injuries sustained while working in a public highway. He was engaged in his usual avocation,

according to his own testimony. He was conducting his business at the time of the injury in a public highway.

"The word 'work' has a much more comprehensive meaning than the term 'labor,' and has been defined to mean to exert one's self for a purpose, to put forth effort for the attainment of an object, to be engaged in the performance of a task, duty, or the like; and, as thus defined, covers all forms of physical or mental exertions, or both combined, for the attainment of some object other than recreation or amusement," and authorities there cited. Words and Phrases, vol. 4. Second Series, p. 1340.

The word "work" has been held to mean an effort directed to an end. *Commonwealth* v. *Griffith,* 204 Mass. 18, 90 N. E. 394, 25 L. R. A. (N. S.) 957, 134 Am. St. Rep. 645.

As the plaintiff, appellee here, was engaged in his usual avocation, according to his own testimony, and chose to direct his servants while in a public highway, he was "working in the street" at the time of his injury.

We pretermit a decision of the numerous questions raised by the brief, and content ourselves with saying that the peremptory instruction should have been given for the appellant.

Reversed and judgment here for appellant.

*Reversed.*