J. S. Maness *v.* Life & Casualty Insurance Company of Tennessee.

(*Jackson,* April Term, 1930.)

Opinion filed May 31, 1930.

42

N. R. Barham and T. W. Pope, for pláintiff in error.

Moreau P. Estes and Pearson & Hewgley, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a suit upon an accident insurance policy which was dismissed upon demurrer by the trial judge.

Among other things, the policy protected the insured "against the result of bodily injuries . . . effected solely by external, violent and accidental means strictly in the manner hereafter stated . . . . if the insured shall be struck by a vehicle which is being propelled by steam, cable, electricity, naphtha, gasoline, horse, compressed air or liquid power while insured is walking or standing on a public highway."

The declaration averred that plaintiff was walking along a newly graveled highway, when an automobile,

propelled by gasoline, going at a rapid rate of speed in the same direction, passed him and that after the automobile had passed him and was a few feet ahead "then and there the turning wheels or some other part of said fast moving automobile knocked or otherwise caused a rock or other hard substance to be thrown against and struck the eye of the plaintiff with such great force and violence as to thereby destroy and cause the total loss of the sight of plaintiff's eye."

The demurrer made the point that the facts stated in the declaration did not constitute a case of liability under the contract of insurance which the defendant had undertaken.

The policy of insurance contained no exceptions to the obligation of the contract above set out which are relevant to the facts of this case.

We are of opinion that the analogies of the law of insurance require that the judgment sustaining the demurrer be reversed.

To justify recovery on a policy of insurance it is not necessary that the peril insured against be the cause of the loss in the sense that it is the nearest cause in point of time or place. If the peril insured against be the efficient, predominating cause of the loss, it is regarded as the proximate cause thereof, although the result was brought about by a train of events set in motion by the particular peril and operating with reasonable certainty to occasion the loss.

Thus, although there be no ignition of property insured against loss by fire, if such property be damaged or destroyed by smoke or falling walls resulting from fire, even in an adjoining building, the loss is covered by such a policy. Likewise if goods so insured be damaged

by removal or by water in an effort to save them from fire. *Hall* v. *Insurance Co.*, 115 Tenn., 513; Joyce on Insurance, Secs. 2821, 2824; 26 C. J., 340, et seq.

And again, under an accident policy, there is liability ordinarily although the more immediate cause of death be an operation necessitated by the accidental injury. Joyce on Insurance, Sec. 2833; 1 C. J., 470; *Gardner* v. *United Surety Co.* (Minn.), 26 L. R. A. (N. S.), 1004, and cases collected in Note.

In marine insurance there are many cases in which losses were held to have been proximately caused by perils of the sea, though such a peril was not in active operation at the consummation of the disaster. As where a vessel had been disabled or driven ashore by stress of weather and was robbed or immediately destroyed by another agency. Joyce on Insurance, Secs. 2832, 2833; 38 C. J., 1112.

Many recent cases of such import are collected in 6 Couch on Insurance (1930), section 1462, et seq., in the chapter on proximate cause. The decisions are too numerous to be reviewed.

Our attention is called to *Harley* v. *Life & Casualty Insurance Company* (Ga. App.), not yet reported, and *Gant* v. *Provident Life & Accident Insurance Company*, 197 N. C., 122, 157 S. E., 740, in which cases policies like the policy before us were considered and views expressed contrary to those herein indicated.

The language of the Georgia court, upon which counsel rely, does not appear to have been at all necessary to the decision. With entire deference to the North Carolina court, we think the construction we give the policy is more in harmony with the prevailing rules of interpretation respecting insurance contracts generally. We see no reason for exceptional treatment of this undertak-

ing. When the very limited scope of the risk assumed by the policy is considered, the premium charged does not justify a particularly narrow reading of that instrument.

The peril against which the insured here had bought protection was that of a blow from a moving vehicle on a public highway. He could not, of course, have been *struck* except by a vehicle in motion. No part of the automobile hit his eye. The automobile hit the rock and cast it into his eye. A blow from the automobile was the efficient and proximate cause of his injury. It seems immaterial that the moving car struck him with a rock instead of with some part of the machine. He was none the less struck and the agency which inflicted the blow was a moving vehicle upon a public highway against blows from which he had contracted for indemnity.

Reversed and remanded.