### COMMERCIAL STANDARD INS. CO. v. McKINNEY.

No. 3272.

Court of Civil Appeals of Texas. Beaumont.
Feb. 25, 1938.

Rehearing Denied March 9, 1938.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Seale & Thompson, of Nacogdoches, for appellee.

WALKER, Chief Justice.

On the 12th day of November, 1934, appellee, R. W. McKinney, under a contract with the State Highway Department, was doing construction work on Highway No. 21 in Nacogdoches county, "scarifying" the road on a section three or four thousand feet long. His division extended west out of the city of Nacogdoches. The scarifier was being operated on the road, drawn by a caterpillar tractor; and, on that day, the tractor and scarifier had made several trips up and down the road. At the close of the day as the operators of the scarifier and tractor were preparing to park their two machines for the night, they were run into by a passenger bus, traveling west out of Nacogdoches; at the time and place of the accident the two machines were on the north side, the "wrong side," of the road without lights or any other danger sign to warn the public. Seven persons, traveling in the bus as passengers, were injured in the collision, and filed separate suits in the district court of Nacogdoches county against appellee for the damages suffered by them in the collision; the grounds of negligence alleged against appellee were predicated upon the operation by him of his tractor and scarifier on a public road. In adjusting these claims appellee paid the claimants $3,735.07.

At the time of the collision between the bus and appellee's tractor, he had a Contractors' and Manufacturers' Public Liability Policy with appellant, Commercial Standard Insurance Company, insuring him against claims for injuries to persons, or death of persons, resulting from his operations as a road contractor. The policy excepted the following risks from its coverage:

"VI. Exceptions to This Agreement. The Company shall not be liable for or on account of any claim alleging such injuries and/or death:

"(1) Caused by (a) any person employed by the Assured in violation of law as to age, or, if there is no legal age limit, under fourteen years, or any contract convict labor, or (b) any elevator or other platform elevating device, its appliances, shaft or hoistway, or any hoisting device operated through any hatchway, floor or sidewalk opening unless such elevator or hoisting device is covered hereunder by written permit endorsed on this Policy; or

"(2) Caused by the ownership, maintenance or use of a vehicle of any description or of any draft or driving animal; or caused by any aircraft; or

"(3) Caused by the handling, transportation, delivery, loading or unloading, installation, removal, maintenance, or mechanical demonstration of goods or products elsewhere than upon the Insured Premises unless covered hereunder by written permit endorsed on this Policy; or

"(4) Caused by the possession, consumption, or use of any article manufactured, handled, or distributed by the Assured unless covered hereunder by written permit endorsed on this Policy; or by accident occurring after final completion of the operations of the Assured at the place of occurrence of such accident; or

"(5) Caused by independent contractors or subcontractors, their agents or their employees; or

"(6) Caused by or through the making of additions to, structural alterations in, or the construction or demolition, in whole or in part, of any building, structure, sidewalk, or approach, or caused by the installation of any mechanical equipment, unless written permit for such work is endorsed on this Policy; or

"(7) For which liability of others has been assumed by the Assured under any contract or agreement, oral or written; or

"(8) For which the Assured is liable to the claimant under any Workmen's Compensation agreement, plan or law, or under contract or agreement, oral or written."

When demand was made upon appellee by the persons injured in the collision, he referred their claims to appellant; appellant denied liability under its policy. After the denial of liability, the claimants filed their suits against appellee and he furnished appellant with copies of these petitions, but it continued in its denial of liability, and refused to investigate the claims and to defend these suits. Thereupon, as stated above, appellee settled with the claimants and made demand upon appellant under his policy for reimbursement; when this demand was refused he filed this suit, praying for judgment for the amount paid out by him, and for an additional sum as attorney's fees. Appellant answered by demurrers, general and special, by general

denial, and by special plea of section 2 to the coverage of the policy. The jury found that: (a) At the time of the accident the road immediately east of the place of the accident "was in a torn up condition"; (b) "that situation" was the proximate cause of the accident; (c) appellee "exercised ordinary care in settling the claims"; (d) the expenditure made by him in adjusting the claims was reasonable; and (e) the attorney's fees paid, and contracted to be paid, by him were reasonable. In entering judgment, the court made the following independent finding: "The Court finds as a matter of law from the evidence that the tractor, as being used at the time and place in question and in the manner in which it was being used, was not a vehicle as contemplated by the parties in the exceptions to coverage in the policy in question." On these findings judgment was entered in favor of appellee and against appellant for the sum of $4,700.22.

Appellee, in his testimony, gave the following description of his tractor and its use:

"Q. Mr. McKinney, about what is the weight of that machine? A. The machine weighs approximately 20,000 lbs.

"Q. To what uses do you put that machine in your operations? A. Road building work—drawing the scarifier and grader —power unit—anything to build a road and use for power.

"Q. Do you ever use it for the purpose of plowing up gravel beds or things of that nature? A. Yes, sir.

"Q. Do you ever haul anything on that grader? (Referring to tractor.) A. No, sir.

"Q. Do you ever use it for the purpose of conveying people? A. No, sir."

### Opinion.

██ This was a public road accident. Appellee's contract with the Highway Commission required him to do the work covered by his policy of insurance on a public road. Under the contract, his principal use of the tractor was on a public road. By this we mean to say that appellee contracted to do highway construction work, knowing that he would have to operate his machines on the highways. So, it must be concluded that the parties intended that appellee should obey the highway laws, and should operate his machines within the provisions of these laws, and

that his machines should be "defined" as defined by these laws. We quote these definitions:

Article 6675a-1 of Vernon's Annotated Civil Statutes of Texas:

"Regulation of Vehicles.

"Definitions of terms. The following words and terms, as used herein, have the meaning respectively ascribed to them in this Section, as follows:

"(a) 'Vehicle' means every device in, or by which any person or property is or may be transported or drawn upon a public highway, except devices moved only by human power or used exclusively upon stationary rails or tracks."

Article 6687a, Vernon's Ann.Civ.St.:

"Definitions.

"Section 1. The following words and phrases when used in this Act shall, for the purpose of this Act, have the meanings respectively ascribed to them in this Section except in those instances where the context indicates a different meaning:

"(a) 'Vehicle': Every self-propelled device upon or by which any person or property is or may be transported or drawn upon a' public highway, excepting devices moved by human power or used exclusively on stationary rails or tracks."

Article 827b of Vernon's Ann.Penal Code of Texas provides as follows: "The following words and phrases when used in this Act shall for the purpose of this Act have the meanings respectfully ascribed to them in this Section as follows:

"'Vehicle' means every device in, or by which any person or property is or may be transported or drawn upon a public highway, except devices moved only by human power or used exclusively upon stationary rails or tracks.

"'Motor Vehicle' means every vehicle as herein defined which is self-propelled."

Under these statutory definitions, the tractor was a "vehicle." The following authorities give application to definitions of "vehicles" as used in Highway Laws, taken from 3 Words and Phrases:

(a) Fourth Series, page 797: "Dray or wagon. In action for injuries sustained when defendant's automobile collided with mower behind plaintiff's wagon, state rules and regulations applicable to 'vehicles' on highway held admissible, since the term 'vehicles,' within such rules and regulations includes a wagon or a mower drawn or

devised to be drawn by animals. (Comp. St.1929, § 39-1416). Trussell v. Ferguson, 122 Neb. 82, 239 N.W. 461, 463."

(b) 3 Words and Phrases, Fourth Series, page 798: "Road grader. The word 'vehicle' is defined as an instrumentality for transporting persons or things from place to place. Horse-drawn road grader going to place of work held 'vehicle,' within accident policy. Sant v. Continental Life Ins. Co. of St. Louis, Mo., 49 Idaho 691, 291 P. 1072, 1074."

(c) 7 Words and Phrases, Third Series, page 832: "A combined thresher and cleaner, mounted on axles and wheels, would, while being drawn from farm to farm, be a 'vehicle,' within Workmen's Compensation Act, § 2, group 41, but could not be so considered while being used as a stationary machine. Vincent v. Taylor Bros., 180 App.Div. 818, 168 N.Y.S. 287, 288."

(d) 8 Words and Phrases, First Series, pp. 7285, 7286: "The words 'vehicle and load,' in Highway Law, § 154, providing that no town should be liable for damages resulting from the breaking of any bridge by transportation on the same of any vehicle and load together weighing four tons or over, was construed to include both the threshing machine and separator, whose combined weight caused a bridge to break. Heib v. Town of Big Flats, 66 App.Div. 88, 73 N.Y.S. 86, 87."

Other definitions of the term "vehicle" are immaterial on the issue before us.

 Appellant contracted to idemnify appellee against claims of persons injured by and through his operations as a road contractor, except injuries "caused by the ownership, maintenance or use of a vehicle of any description." "Maintenance or use of a vehicle of any description" where? Answer, on the public roads, for that was where, by his contract, he was required to use the "vehicle of any description." It conclusively appears that the bus passengers were injured by an instrumentality covered by one of the exceptions to the coverage of the policy.

 We agree with appellee's propositions, taken by him from Ocean Accident & Guarantee Corp. v. Northern Texas Traction Co., Tex.Civ.App., 224 S.W. 212, 216:

(a) "It is a rule of decisions applicable to the construction of insurance polices in order to determine the extent of the risk insured against that the conditions existing at the time of their issuance may be looked to."

(b) "It is also a rule well established that such a policy will be construed strictly against an insurance company, and, in case of any doubt or ambiguity or uncertainty in its terms, the same will be resolved in favor of the assured."

But these propositions do not give him a cause of action. In United States Fidelity & Guaranty Co. v. Baldwin Motor Co., 34 S.W.2d 815, 818, our Supreme Court said: "While policies of insurance should be construed most favorably to the insured, they must not be so construed as to make a new contract in disregard of the plain and unambiguous language used. Where the language used is plain and unambiguous, courts must enforce the contract as made by the parties." In that case the appellee carried with the appellant a policy of insurance, insuring it against damages resulting from the operation of its business, subject to certain exceptions and limitations to the coverage of the policy. The daughter of Mr. Rogers was killed by one of the appellee's servants while in the course of his employment, and Mr. Rogers instituted suit against it for damages. On the ground that the claim was not covered by its policy, the appellant refused to defend the suit. The reported case was by the appellee against the appellant for recoupment for expenses incurred by it in settling the Rogers' claim. In the trial court the appellee recovered judgment, affirmed by the Court of Civil Appeals but reversed and rendered by the Supreme Court in favor of the appellant. In support of its judgment, the Supreme Court said: "The Rogers petition presented a clear case of liability against the Baldwin Motor Company, but the liability of the insurance company is not dependent upon any recovery Mr. and Mrs. Rogers might be entitled to, upon proof of any of the material facts they pleaded, but depended upon whether the averments in the petition showed a state of facts excepted from the hazards insured against in the policy. Tested by such averments, the insurance company could not be called upon to defend a petition which upon its face alleged a state of facts not covered, but excluded, by the policy." So, in the case at bar, appellee, under his policy, did not have the right to call upon appellant to defend the petitions which upon their

face "alleged a state of facts not covered, but excluded, by the policy," and excluded by the facts of the accident is developed upon 'the trial of this case, and as found by the jury.

We direct particular attention to the language of reservation 2, "caused by the ownership, maintenance or use of a vehicle of any description." This language is broad enough without resort to the statutory definitions to cover 'the tractor; "a vehicle of any description" must certainly be construed to include a tractor.

Had section 2 of the exceptions to the coverage of the policy been a covenant of coverage, and not an exception to coverage, appellee would have had a clear cause of action against appellant for recoupment. If, as a covenant of coverage, section 2 would have made appellant liable, then as an exception to coverage, this section relieved it of liability.

It is our conclusion that the collision in issue fell within section 2 to the coverage of the policy, and that the judgment of the lower court in favor of appellee must be reversed and judgment here rendered in favor of appellant, and it is so ordered.

Reversed and rendered.

O'QUINN, Justice (dissenting).

I cannot agree that the tractor used in the road construction was, in the sense of the law, a "vehicle." It was an implement used for work confined to a certain locality. The definition of "vehicle" found in the statute, article 6675a-1, in my opinion was not intended by the Legislature to include tractors used in work such as in the instant case. The definition: "'Vehicle' means every device in, or by which any person or property is or may be transported or drawn upon a public highway," etc., to my mind can mean only the instrumentality used to transport from place to place persons or property—not an implement used to construct roads. To say that a tractor that travels almost at a snail's pace, and is by common knowledge known to be used only for construction work, such as road building, and would never be thought of as a thing to transport passengers or freight, is to give it a meaning contrary to its universally accepted meaning as to its intended use. 66 C.J. 426, 427. I cannot bring myself to believe that the Legislature intended to so broaden the meaning of the word "vehicle."

The judgment should be affirmed.

On Rehearing.

WALKER, Chief Justice.

We have given careful consideration to appellee's motion for rehearing, and to the following proposition from 10 Tex.Jur. 301, 302: "As a general rule the words used in a contract will be given their ordinary and popular or commonly accepted meaning." But the word "vehicle," as used in the insurance contract in issue, was not used in its "commonly accepted meaning." The authorities cited in the original opinion, we think, clearly support the construction given by us to the insurance contract.

The motions for rehearing and oral argument are overruled.

O'QUINN, J., dissenting.