## NATIONAL CASUALTY CO. v. DAVIS.

### No. 11295.

. ' Court of Civil Appeals of Texas.
San Antonio.

May 5, 1943.

Rehearing Denied June 2, 1943.

Kelley & Looney and L. Hamilton Lowe, both of Edinburg, for appellant.

Strickland, Ewers & Wilkins, of Mission, for appellee.

MURRAY, Justice.

This is a suit on a travel and pedestrian accident policy of insurance for the loss of a foot.

The cause was submitted to the court on an agreed statement of facts and was tried without a jury. Judgment was rendered in favor of C. A. Davis and against National Casualty Company, in the sum of $500 for the loss of one foot, $60 statutory penalty, and $140 attorney's fees. From that judgment the Casualty Company has prosecuted this appeal.

Appellant's first point is as follows: "The error of the Trial Court in holding that the Plaintiff was injured by 'being struck, knocked down or run over by a vehicle' within the meaning of the terms of the policy in controversy."

Appellee, C. A. Davis, the insured, was injured while in the performance of his duties for his employer, C. E. Edwards, a rig-builder contractor, and while engaged in moving a drilling derrick from one location in the oil field to another over a highway. The derrick was being pulled by a caterpillar tractor which was propelled by gasoline. The derrick was being pulled

on rollers along said highway. Appellee had been carrying rollers from the back to the front of the derrick and placing them under same, and while standing or walking on said highway appellee's right foot in some manner got caught under the roller near the front of the derrick as same was being pulled along said road, and such roller with the derrick thereon was pulled by said tractor upon appellee's foot and leg, throwing or knocking him down and crushing his right foot and ankle to such an extent that it was necessary to amputate his foot.

Appellee sought a recovery under the following provision of the policy: "(b) By being struck, knocked down or run over while walking or standing on a public highway, by a vehicle propelled by Steam, Cable, Electricity, Naphtha, Gasoline, Compressed Air, Liquid or Horse power (excluding injuries sustained while on a railroad right of way, except an established crossing, or sustained while doing work on a public highway or railroad right of way); or * * *."

■ We have concluded that appellee was not struck by a "vehicle." He was not struck by the tractor nor the derrick, but by one of the detached rollers which was under the derrick. If he had been struck by the tractor, or even the cable by means of which the tractor was towing the derrick, he could have recovered under the terms of the policy (Gilbert v. Life & Casualty Co. of Tennessee, 185 Ark 256 46 S.W.2d 807), but we cannot bring ourselves to the conclusion that a derrick being skidded from one location in an oil field to another location is a "vehicle," or any part of a vehicle. Nor do we think that the loose and detached roller under the derrick is a "vehicle" within the contemplation of the parties to a travel and pedestrian accident policy.

In 66 Corpus Juris, beginning at page 426, we find the following definition of a vehicle: "Vehicle. As used in common speech, the word has a varied and somewhat extended meaning. 'Vehicle' has been defined as a conveyance; a means of conveyance, an instrumentality for transporting persons or things from place to place; that in or on which any person or thing is or may be carried; specifically, a means of conveyance upon land; and hence a carriage; any carriage moving on land; either on wheels or on runners; any carriage or conveyance used or capable of being used as a means of transportation on land. 'Vehicle' includes contrivance used or capable of being used as a means of transportation on land. But the term is more generally applied to wheeled carriages. 'Vehicle' may include the machine drawing as well as the thing drawn. In a wider sense, that which is used as an instrument of conveyance or communication, of conveyance, transmission, or communication."

■ It is proper in construing the language of an insurance policy to consider what must have been in the contemplation of the parties and what they intended by the language used. It seems to us that the parties to this policy could not have contemplated that Davis would be protected from injury while engaged in skidding a derrick by means of unattached rollers being placed under it as it was dragged along by a Caterpillar tractor, on the theory that the same would constitute a vehicle upon a highway. The terms used must be understood in their plain, ordinary and popular sense.

The appellant collected a premium of $1.00 for a year's insurance. Its risks had to be limited and circumscribed when it risked so much for so little. A reasonable construction of the policy leads to the conclusion that the injury sustained was not within the limits of the policy sued on.

■ Appellant next contends that appellee could not recover because he was working on a highway at the time of his injury, the policy excluding such an injury. We overrule this contention. Appellee was working in the highway but not on the highway. Continental Life Ins. Co. v. Turnbough, 151 Miss. 43, 117 So. 334.

The trial court erred in holding that appellee received his injury by being struck by a "vehicle"; accordingly the judgment will be reversed and judgment here rendered that appellee take nothing.

Reversed and rendered.