## HALL v. MUTUAL BEN. HEALTH & ACCIDENT ASS'N.

### No. 5946.

Court of Civil Appeals of Texas. Amarillo.
April 4, 1949.

Rehearing Denied May 2, 1949.

Gordon Treadaway, Lubbock, for appellant.

Chrestman, Brundidge, Fountain, Elliott & Bateman, Dallas, for appellee.

LUMPKIN, Justice.

The question involved on this appeal is the construction to be given the term *powered aircraft* as used in the insuring clause of an aviation and air travel accident policy. The policy was issued by the appellee, Mutual Benefit Health & Accident Association, to the appellant, Marion I. Hall. This suit was instituted by the appellant to recover under the policy for injuries sustained by him while riding in a glider. It appears that the glider had been towed into the air by an airplane near Lubbock, Texas, and released by the airplane at an altitude of about two thousand feet. On its return to the airport, the glider went out of control at about two hundred feet and crashed causing the injuries suffered by the appellant. The case was tried before the court without the intervention of a jury and resulted in a judgment whereby the appellant was to take nothing by reason of his suit. From the judgment the appellant has perfected his appeal and the case is now before this court for disposition.

The appellant contends that the court erred in holding as a matter of law that a glider is not a powered aircraft within the meaning of the term used in the policy of insurance.

The insuring clause of the policy reads as follows:

"The term, such injuries, as used in this policy, shall mean only those accidental bodily injuries which are incurred while this policy is in force and are caused by the damaging of a powered aircraft in which the Insured is riding, or from or with which the Insured is falling, or are caused by the Insured's being struck by an aircraft propeller or being run down by an aircraft."

The record reveals that the policy was prepared by the appellee, and issued to the appellant, a licensed pilot; that the glider in which the appellant was riding was not equipped with either an engine or a motor; and that the term *powered aircraft* is not defined in the policy.

The appellant asserts that the term *powered aircraft* does not have an established meaning. If an aircraft has a reciprocating or jet engine, it is referred to as an airplane; if the aircraft is without an engine, it is called a glider. Pilots do not refer to aircraft as being either powered or unpowered. The Civil Aeronautics Board defines an Aircraft as any contrivance used or designed for navigation or for flight in the air, except a parachute or other contrivance designed for such navigation but used primarily as safety equipment. A

Glider, as defined by the Civil Aeronautics Board, is an aircraft without mechanical means of propulsion, the support of which in flight is derived dynamically from the reaction on surfaces in motion relative to the air. The term aircraft includes both an airplane and a glider. The appellant points out that an airplane is not sustained in flight because of its engine. The power that lifts the airplane and the power that lifts the glider is developed in exactly the same way, i. e., the aerodynamic action of the air over the airfoils, or its wings. Or in other words, the airfoils are so constructed on both the airplane and the glider that when they move through the air a difference in air pressure is created causing a suction on top of the wings. This suction develops power in the wings which lifts the airplane or glider and sustains it in flight. Since the amount of horsepower necessary to sustain a glider or airplane in flight can be mathematically determined and since the power which sustains the aircraft in flight is developed by the airfoils, or wings, the appellant contends that a glider is a powered aircraft within the meaning of the insuring clause.

■ The terms of an insurance policy must be interpreted in the light of common sense. Aetna Ins. Co. v. Houston Oil & Transport Co., 5 Cir., 49 F.2d 121. Notwithstanding the rule that contracts of insurance are to be strictly construed in favor of the insured, it is well settled that insurance contracts, in common with other contracts, are to be construed according to the sense and meaning of the terms used by the parties. If clear and unambiguous and free from fraud, accident, or mistake, it is conclusively presumed that the parties intended to give the terms used their plain, ordinary, and accepted meaning. Southern Travelers' Ass'n v. Wright, Tex.Com.App., 34 S.W.2d 823; Imperial Fire Insurance Company of London, England v. County of Coos, 151 U.S. 452, 14 S.Ct. 379, 38 L.Ed. 231. The language used in a policy should not be given a strained, unnatural, or technical interpretation. Lewis v. Ocean Accident & Guarantee Corp., Limited, of London, England, 120 N.E. 56, 7 A.L.R. 1129; American Automobile Ins. Co. v. Baker et al., Tex.Civ.App., 224 N.Y. 18, 5 S.W.2d 252, Insurance Co. of North America v. Mathers, Tex.Civ.App., 31 S.W.2d 1095. Neither the record nor the policy suggest that the parties intended the term *powered aircraft* to be used in a technical or scientific sense. On the contrary we find it reasonable to believe that the parties intended these words to be interpreted in the common speech of the average man, rather than from the point of view of the pilot or aeronautical engineer. If the appellee had intended for all types of flying contrivances to be covered by the insuring clause, the policy writers could have easily stated that the insured is covered while riding in any aircraft and this description would have been sufficient to cover the appellant while flying in either an airplane or a glider. The word *aircraft,* however, is limited by the term *powered.*

■ The word *powered* to the average man means mechanical power or the equipping of some contrivance with an engine or motor. When he uses the term *powered* he means operated by mechanical power and not by hand, and this same construction of the word has been followed by the courts. Menke v. Hauber, 99 Kan. 171, 160 P. 1017; McMillan v. Dean, Sheriff, et al., Tex.Civ.App., 174 S.W.2d 737; Peyton v. Farmers' National Bank of Hillsboro, Tex. et al., 5 Cir., 261 F. 326. Any other interpretation would be a strained construction. In the language of the ordinary man the term *powered aircraft* would not include gliders.

In our opinion the insuring clause is unambiguous and covers only injuries sustained while riding in a mechanically propelled aircraft. The appellant's point of error is overruled; we affirm the judgment of the court below.