Pat WILLINGHAM et al., Appellants,

v.

The FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellee.

No. 12946.

Court of Civil Appeals of Texas.

Galveston.

March 22, 1956.

Rehearing Denied April 12, 1956.

Cutrer, Burks & Burrus and Thomas Burrus, Houston, for appellants.

Fulbright, Crooker, Freeman, Bates & Jaworski and Royce R. Till, Houston, for appellee.

HAMBLEN, Chief Justice.

This suit was instituted by appellants against appellee. The Fidelity & Casualty Company of New York, to recover for the loss from collision of an automobile under a policy of insurance issued by appellee covering automobiles held for sale by appellants in their business as automobile dealers. Appellee answered by alleging that the automobile in question was not being held for sale by appellants and was not owned by appellants at the time of the loss complained of. Trial was before a jury in the District Court of Harris County. At the conclusion of the evidence, the cause was submitted upon special issues, in response to which the jury found that appellants "owned" the automobile and were "holding the same for sale" at the time of the loss. The jury further found the market value of the automobile to be $1,635 before the collision, and $200 after the collision. Appellant moved for judgment upon such verdict, and appellee moved for judgment non obstante veredicto. This latter motion was granted, and judgment was entered denying appellants any recovery under the policy of insurance.

The litigants agree that on June 27, 1953, appellants owned the automobile in question, a Chevrolet Convertible, and held the same for sale on their lot in Pasadena, Texas. On that date, one H. L. Childers came to appellants' place of business, and expressed a desire to purchase the automobile, the sale price of which was $1,795. Childers left the sum of $390 with appellants with the mutual understanding between them that arrangements would have to be made for financing the balance of the purchase price, appellants agreeing to assist Childers in making such arrangements. Pending such arrangements, Childers was allowed to have the possession and use of the vehicle. Ervan Willingham, one of the appellants, testified that he "turned the car over" to Childers on Saturday, June 27, so that he could "try it out" and accomplish the financing on Monday, and also, to keep him as a "prospect." He testified that such procedure was customary in his business. This witness further testified that he told Childers that he (Childers) would have to secure the financing elsewhere, and that he told Childers that if Childers didn't get the financing, he would have to give him his money back. Childers corroborated this testimony, stating that he understood that financing would have to be secured elsewhere, and that he couldn't keep the automobile unless he got the financing. He testified that except for the amount of the balance of the purchase price, he had no knowledge of the cost of financing the purchase, the interest rate which might be charged, or the terms upon which it might

be secured. The papers necessary to complete a sale of the car were executed by Childers in blank, on Saturday. Childers kept possession of the automobile over the weekend, and returned to appellants' place of business on Monday. At that time, neither appellant nor Childers had been able to make arrangements for the needed financing. At that time, appellant, Ervan Willingham, stated that he would make a further attempt to arrange for the financing. Before this undertaking was completed, and before the results thereof were known, the automobile was severely damaged in a collision while in the possession of Childers.

Appellants' suit against appellee is based upon the terms of a policy of insurance in effect at all material times, the provisions of which, in so far as they have application to this claim, are as follows:

"1. Property covered—The policy covers automobiles consigned to or owned by the insured and held for sale or used in the insured's business as an automobile dealer including repair service or as demonstrators but excludes automobiles sold by the insured under bailment lease, conditional sale, mortgage or other type of encumbrance. Automobiles consigned to or owned by the insured which are subject to a trust agreement, bailment lease, conditional sale, mortgage or other type of encumbrance are not covered hereunder unless specifically so indicated below."

■■■■ Appellants attack the judgment adverse to them in three stated points, by which two propositions are asserted. First, they contend that under the undisputed evidence, the automobile in question was covered by the terms of the policy. Secondly, they say that under the facts as found by the jury, the automobile was covered by the terms of the policy. We are of the opinion that appellants are correct in their second proposition, and that their points presenting it should be sustained.

The Supreme Court of Texas, in the case of Brown v. Palatine Ins. Co., 89 Tex. 590, 35 S.W. 1060, 1061, announces the rules of construction applicable to policies of insurance in the following language: "First.

The language being selected and used by the insurer to express the terms and conditions upon which it issued, the policy will be strictly construed against it, and liberally in favor of the insured. If the words admit of two constructions, that one will be adopted most favorable to the insured. Wood, Ins. § 60; Bills v. [Hibernia] Insurance Co., 87 Tex. [547] 551, 29 S.W. 1063 [29 L.R.A. 706]; Goddard v. [East Texas Fire] Insurance Co., 67 Tex. [69] 71, 1 S.W. 906; [Equitable Life] Insurance Co. v. Hazlewood, 75 Tex. [338] 347, 12 S.W. 621 [7 L.R.A. 217]. Second. The language used must be construed according to the evident intent of the parties, to be derived from the words used, the subject matter to which they relate, and the matters naturally or usually incident thereto. Wood, Ins. §§ 182–187; Whitney v. [Black River] Insurance Co., 72 N.Y. 117. Third. Forfeitures are not favored by the law, and if the language used is fairly susceptible of an interpretation which will prevent a forfeiture, it will be so construed. 1 Wood, Ins. § 181, p. 436."

We think it clear that the only question of law to be determined on this appeal is whether or not the evidence in the record before us compels the conclusion that there had been a sale, in legal contemplation, of the automobile in question, by appellants to Childers. The quoted provision of the policy of insurance clearly provides coverage on automobiles *owned* and *held for sale* by the insured. Excluded from the coverage of the policy are automobiles *sold* by the insured. (Emphasis added.) Before negotiations began between appellants and Childers, the automobile was owned and held for sale by appellants. In order that there be a sale, the title, or property in the automobile must have been transferred by appellants to Childers. Texas Farm Bureau Cotton Ass'n v. Stovall, 113 Tex. 273, 253 S.W. 1101, 1107. In the cited case, the Supreme Court notes that it is difficult to lay down any single rule or test as to what will or will not constitute a sale of property. But says the court: " * * * if it is manifest from the contract that it was intended title should pass and the price be-

paid, the transaction constitutes a sale." In 77 C.J.S., Sales, § 262, p. 1059, the following statement is made: "The passing of title, however, may be conditional on payment. If the parties intend that payment shall be made before title passes, such intention controls, and there is no transfer of title until payment is made, even though possession of the property is delivered to the buyer and a bill of sale reciting payment executed. * * *."

Viewing the evidence in the light of these statements of the applicable law, we feel the following testimony is of determinative importance. The testimony of Ervan Willingham, one of appellants, if believed, clearly indicates an understanding that appellants would be unable to finance the purchase of the automobile by Childers; that Childers would have to secure financing elsewhere; and finally, and of most convincing importance, if Childers could not secure such financing, appellants would "have to give him his money back." Childers corroborated this testimony to the extent that he knew he would have to secure financing for the purchase from some one other than appellants, or otherwise that he could not keep the automobile. This testimony, we feel, is sufficient to support a finding that the parties intended that payment should be made before title passed, within the meaning of the quoted passage from Corpus Juris Secundum, and the authorities there cited. See also Security Ins. Co. v. Sellers-Sammons-Signor Motor Co., Tex.Civ.App., 235 S.W. 617, writ ref. We say that this proof raises the issue rather than concluding the issue, because it is in large measure the testimony of an interested witness, and therefore not binding upon the finder of facts. It is amply sufficient, however, to support a conclusion that the securing by Childers of financing of the automobile was a condition precedent to the transfer of title to him. It is in the fact that this condition is precedent rather than subsequent, that this case is distinguishable from the case of Concordia Fire Insurance Co. v. McCarty Motor Co., Tex.Civ.App., 45 S. W.2d 446, and other authorities relied upon by appellee.

The manner of submission of this cause to the jury gives rise to some question as to the proper order to be made here. This because the jury findings upon which appellee's liability must rest are, in form, mixed findings of law and of fact. No objection to the manner of submission was made in the trial court, and no point of error is directed thereto on this appeal. We have concluded that while the findings of the jury are in form, legal conclusions, they must, by necessary implication, be deemed to include findings of such facts as are necessary to support the legal conclusions. In the absence of objection in the trial court, and point of error in this Court, we have further concluded that the verdict will support a judgment favorable to appellants. See Indemnity Ins. Co. of North America v. Sterling, Tex.Civ.App., 51 S.W.2d 788. Since the cause appears to have been fully developed in the trial court, and since the trial court erred in rendering judgment non obstante veredicto, it is ordered that that judgment be reversed, and judgment here rendered upon the verdict of the jury.

Reversed and rendered.