Harvey E. HALE, Appellant,

v.

ALLSTATE INSURANCE COMPANY, Appellee.

No. 15646.

Court of Civil Appeals of Texas.

Dallas.

April 1, 1960.

Rehearing Denied April 7, 1961.

John F. Harrison and Harlan Harper, Dallas, for appellant.

Strasburger, Price, Kelton, Miller & Martin and Royal H. Brin, Jr., Dallas, for appellee.

DIXON, Chief Justice.

Appellant Harvey E. Hale instituted this suit against appellee Allstate Insurance Company to recover medical payments which he alleges come within the coverage of an automobile policy dated May 10, 1957. After a trial before the court without a jury, judgment was rendered that appellant take nothing.

### Facts.

The facts have been stipulated.

On May 10, 1957 appellee issued to appellant a policy of insurance for a period of one year which policy provided inter alia for medical payment coverage in the amount of $2,000. At the time appellant was the owner of a 1951 Mercury automobile which is described in the policy. This policy will be referred to hereinafter as the Mercury policy.

The original Mercury policy contained these provisions:

"Sub-Part A.

"Coverage C1—Medical Payments— Automobile. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"Division One. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury' caused by accident, while occupying or through being struck by an automobile; * * *

"Exclusions: This policy does not apply under this Sub-Part A to bodily injury: * * * (b) sustained by the named insured or a relative (1) while occupying an automobile owned by the named insured or any relative, other than an owned automobile, * * *".

In Endorsement No. 222, attached to the policy, "owned automobile" is defined as follows: " 'Owned Automobile' means

(a) a private passenger or utility automobile described in the policy, * *

(c) a private passenger or utility automobile * * * ownership of any of which is acquired by the named insured during the policy period. (2) The company insures all private passenger or utility automobiles or trailers owned by the named insured on the date of such acquisition and the named insured notifies the company within 30 days following such date; and includes a temporary substitute automobile."

Until September 18, 1957 appellant owned no other vehicle than the 1951 Mercury, but on said date he purchased a 1957 Ford half ton pick-up truck. He immediately notified appellee of his purchase of the truck and was issued a second policy covering a period of a year, in which policy the 1957 Ford truck is described. This second policy did not provide medical payment coverage.

At the time appellant bought the Ford truck Endorsement No. 214 was added to appellant's Mercury policy. The endorsement contains this provision:

"214. Exclusion of Specified Automobile.

"Except with respect to bodily injury under Coverage C1—Medical Payments—Automobile, resulting from the named insured or any relative thereof being struck by an automobile if such coverage is afforded, it is agreed that the policy does not apply to the automobile described below or any automobile acquired as a replacement thereof."

The "automobile described below" is the 1957 Ford half ton pick-up truck acquired by appellant on September 18, 1957.

It is undisputed that on September 18, 1957 and at all times subsequent thereto, appellee insured all motor vehicles (two in number) owned by appellant Hale.

On October 15, 1957 while appellant, his wife and children were riding in the 1957 Ford truck in Dallas County, Texas, they sustained injuries in a collision between the Ford truck and an automobile being driven by one James Robert Hulse. In connection with their injuries reasonable and necessary doctor's, hospital, and drug expenses were incurred in the amount of $933.50.

In a suit against Hulse, appellant in his petition included some of the items of medical expenses involved in this case. The suit was later settled, appellant receiving from Hulse a sum of money as compensation for the injuries of himself and family. Appellant executed a release to Hulse. Appellee in this case does not claim a right of subrogation for any amounts of money received by appellant from Hulse in reimbursement for medical expenses. It is conceded that appellant took all necessary steps properly to present his claim to appellee. Appellee then and now denies liability.

### Opinion.

Appellant in four points on appeal contends that the court erred in holding that (1) the medical pay provisions of the Mercury policy did not cover appellant and his family while occupying the 1957 Ford truck, and (2) the 30 day automatic coverage provisions on the Mercury did not apply to the 1957 Ford truck; and that the court erred in failing to hold that (3) appellant proved a payable loss under the medical pay provisions of the Mercury policy; and (4) appellant and his family were "struck by an automobile", within the terms of the policy, therefore entitled to coverage under the medical payment provisions contained in the policy.

Since the policy of September 18, 1957, issued to appellant when he acquired the Ford truck, does not include coverage for medical expenses, we must look to the Mercury policy to determine whether appellant has any insurance coverage for medical expenses incurred as a result of the injuries he suffered in the automobile collision of October 15, 1957.

We call attention to the fact that the Mercury policy, though it describes the 1951 Mercury automobile, is not limited in its coverage to medical expenses incurred while appellant or his relatives were passengers in the 1951 Mercury. Section C1.—Medical Payments—Automobiles, Division One, hereinbefore quoted, expressly provides coverage for appellant and his relatives "while occupying or through being struck by an automobile" regardless of whether they may be riding in the Mercury automobile when they sustain injuries.

We also call attention to the fact that Endorsement No. 214, "Exclusion of Specified Automobile", which was attached to the Mercury policy when appellant bought the Ford truck in September 1957, makes an exception to the exclusion of the Ford truck from coverage. It precedes the words of exclusion with this proviso: "Except with respect to bodily injury under Coverage C1—Medical payments—automobile resulting from the named insured or any relative thereof being struck by an automobile if such coverage is afforded * * *." This seems to us to mean plainly that coverage of the Ford truck is not excluded as to medical payments provided under the C1 Section of the policy.

We call attention further to Endorsement No. 222 where in connection with the definition of "owned automobile" it is provided that the term includes a private passenger or utility automobile acquired by the insured during the policy period provided: "(2) The company insures all private passenger or utility automobiles * * * owned by the named insured on the date of acquisition and * * * notifies the company within 30 days following such date:" It is undisputed that after acquiring the Ford truck on September 18, 1957 appellant owned only two motor vehicles, that appellee carried insurance on "all" of them (though the second policy did not provide for medical payments), and that appellant notified appellee of his acquiring the Ford truck within 30 days.

Appellee in three counter-points says that notwithstanding the provisions above referred to, there is no liability in this case cast on the insurance company for these reasons:

1. Under the "Exclusions" in the original policy it is provided that the policy does not apply to bodily injury sustained by appellant or a relative "while occupying a car owned by the named insured or any relative, other than an owned automobile". Appellee says this language is clear. When taken in connection with the definition of "owned car" it means that coverage is provided for appellant and his relatives while occupying, or through being struck by an automobile, including the automobile described in the policy and any other automobile except those owned by the insured and not described in the policy. The Ford truck is not described in the policy in question.

2. Appellant is not entitled to coverage under the newly acquired automobile provision of Endorsement 222, says appellee, because he took out a separate policy on his Ford truck, and at the same time an endorsement was attached to his first policy expressly excluding the Ford truck from coverage under the first policy.

3. Endorsement 214 must be interpreted to mean that coverage is excluded while insured is occupying an automobile; it makes an exception to exclusion only with respect to medical payments if the insured is "struck by an automobile". That exception does not apply here, says appellee, because it was appellant's Ford truck that was "struck by an automobile", not appellant himself or his relatives. In other words appellant and his relatives are covered only when they themselves are struck by an automobile which makes actual physical contact with their persons, as for instance when as a pedestrian the insured is hit by an automobile.

In our opinion the provisions of Sub-Part A, of the Mercury policy hereinbefore quoted, provide coverage for medical payments to appellant resulting from an accident occurring under the circumstances presented in this case. We do not agree with appellee that the meaning of the language used under "Exclusions" is clear when interpreted in connection with the definition of "owned automobile". If the language was intended to mean what appellee contends for, we consider it ambiguous. And if it is ambiguous it must be construed in favor of appellant. Willingham v. Fidelity & Casualty Co. of N. Y., Tex.Civ.App., 288 S.W.2d 884.

It seems to us that the effect of Endorsement 214 is to exclude the Ford truck from coverage under the Mercury policy *except as to medical payments*. The effect of the exception expressly provided in the endorsement is to include the medical payment coverage on the Ford truck.

We do not agree with appellee that the words "being struck by an automobile" should be given the narrow construction for which appellee contends. Appellee cites the case of Johnston v. Maryland Casualty Co., 22 Wash.2d 305, 155 P.2d 806. However we believe that the facts of this case, and a proper construction of the particular provisions of the Mercury policy are controlled by the principle that words and phrases in an insurance contract, in the absence of a definition, will be given their ordinary and popular meaning. Bankers Life & Loan Co. v. Eighinger, Tex.Civ. App., 226 S.W.2d 248; Hall v. Mutual Benefit Health & Accident Association, Tex.Civ.App., 220 S.W.2d 934; Davis v. National Casualty Co., 142 Tex. 29, 175 S.W.2d 957. We think that when a person driving his own car is injured in a collision with another automobile, he has been struck by an automobile, though it may have been his own automobile which struck him as a result of the collision with the other automobile. Maness v. Life & Casualty Ins. Co. of Tenn., 161 Tenn. 41, 28 S.W.2d 339.

We do not agree with appellee that Endorsement 214, "Exclusion of Specified Automobile" *prevents* coverage under the Mercury policy notwithstanding the newly-acquired-automobile provision. It is undisputed that appellant did acquire a new car during the term of the Mercury policy. It is undisputed that he notified appellee within thirty days. And it is undisputed that appellee carried insurance on "all", that is, both of appellant's automobiles.

Appellee says that the provision is not applicable here because appellant had taken out a separate policy on the Ford truck. But it is to be remembered that said separate policy did not include coverage for medical expenses. Appellant did not take out additional coverage for medical expenses, and a good reason why he did not need to do so is that he already had coverage for medical expenses under the newly-acquired-automobile provision of Endorsement 214 of the Mercury policy.

Appellant's four points on appeal are sustained. Appellee's three counter-points are overruled.

The judgment of the trial court is reversed and judgment is here rendered that appellant recover the sum of $933.50 principal, plus interest and costs.

### On Rehearing

On June 17, 1960 on motion of appellee we submitted a certified question to the Supreme Court of Texas as follows:

"Did Endorsement #214 preserve or exclude Medical Payments coverage under the policy on the Mercury automobile for injuries sustained by the insured and his family while occupying the Ford truck when it was in a collision with the automobile of a third person?"

On March 8, 1961 the Supreme Court answered as follows:

" * * * our answer to the certified question is that Endorsement No.

214 did preserve plaintiff's rights under the policy covering the Mercury automobile to recover for the medical expenses sued for." See 344 S.W.2d 430, 434.

In view of the answer given by the Supreme Court we overrule appellee's motion for rehearing.