**AMERICAN EXPORT CRATING CORPORATION, Appellant,**

v.

**The TRAVELERS INDEMNITY COMPANY, Appellee.**

**No. 200.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Feb. 12, 1969.

Donald L. Jones, Banister, Jones & DuCroz, Houston, for appellant.

J. Eugene Clements, Baker, Botts, Shepherd & Coates, Houston, for appellee.

SAM D. JOHNSON, Justice.

This is a suit on an insurance policy by American Export Crating Corporation, appellant, for recovery under the terms of a policy of bailment insurance issued by the appellee, Travelers Indemnity Company.

American Export was in the business of preparing goods bailed to it by its customers for shipment. On March 12, 1966, American Export was preparing an aircraft manufactured by Aero Commander, Inc., for crating and shipment to Sweden. American Export had attached the airplane to a steel cable, which was, in turn, connected to an overhead traveling hoist. The hoist was then elevated so that the airplane was raised and suspended. The airplane was thus positioned so that the wings, tail and landing gear could be removed. The wings, tail and one part of the landing gear assembly had been removed when the connecting steel cable broke, causing the aircraft to fall to the ground.

The policy of insurance issued by Travelers provided coverage within certain limits of liability for twelve enumerated perils. It is conceded that the only peril that could be applicable is found in clause 3(j) of the policy which recites, "Collision upset or overturn of conveying vehicles;"

At the conclusion of American Export's case Travelers moved for an instructed verdict, or in the alternative, to withdraw the case from the jury and render judgment. The trial court granted the motion, withdrew the case from the jury, and rendered judgment that appellant take nothing. Appeal is perfected to this Court.

Appellant's first point of error is that the trial court erred in holding as a matter of law that the instant insurance policy did not cover the casualty herein described. It is appellant's position that the airplane, when attached to and being moved by the hoist became a part of the vehicle, and that a part of the "vehicle" (the airplane) was then involved in a collision with the ground. In support of this contention appellant cites Davis v. National Casualty Co., 142 Tex. 29, 175 S.W.2d 957 (1943). There a workman was injured while carrying rollers from the back to the front of a drilling rig being towed along a highway to a new location by a tractor. The plaintiff's foot was caught under a roller and crushed, requiring amputation of the foot. The court held that the derrick was part of the towing "vehicle" within the meaning of an accident policy provision covering injuries sustained by the insured from being struck by a vehicle. The court stated, "It is our opinion that the contrivance or device by which petitioner was struck was a 'vehicle' within the ordinary meaning of the word. The tractor, the derrick and the rollers under the derrick, taken together, were a device or instrumentality assembled and used to transport the derrick from one place to another. The vehicle thus formed was propelled by the gasoline used in the tractor's motor. We give no importance to the fact that the rollers were not attached to the derrick. They served the purpose that wheels would have served and, together with the tractor to which the derrick was attached by a cable, were the means of carrying the derrick."

We have been referred to no case in which a hoist has been construed to be a vehicle. We do not believe that it can be so construed with facts such as are here presented. The hoist was necessarily capable of limited horizontal and vertical movement but its purpose was to suspend and position for packing and crating, not for conveying or transporting. The hoist was used to raise the airplane for disassembly prior to crating and shipping. It had none of "the picture of a thing moving on land," i. e., a vehicle that runs. McBoyle v. United States, 283 U.S. 25, 26, 51 S.Ct. 340, 75 L.Ed. 816 (1931). We believe the policy was intended to cover damage to goods resulting from the knocking over or overturning of some hauling, conveying or transporting vehicle (like a truck), caused by colliding with another vehicle, or some other object. Only a strained or artificial interpretation of the policy language can otherwise be obtained.

Of equal account is that there was no "collision upset or overturn *of* (the) conveying vehicles" even if the hoist is considered to be a vehicle. While in the suspended position the cable simply broke. Neither the cable nor the hoist collided with anything; neither was upset; neither overturned. The only damage resulted from the airplane dropping to the ground.

In Birmingham Fire Ins. Co. of Pennsylvania v. Newsom Truck Lines, Inc., Tex. Civ.App., 390 S.W.2d 537, (writ ref., n. r. e.), the insurance policy provided protection against property damage caused by "(b) collision, i. e., accidental collision of the vehicle with any other vehicle or object * * * (c) overturning of the vehicle;" The damage occurred when a circuit breaker was struck by an overhanging limb while being transported on plaintiff's truck. No part of the truck (the conveying vehicle) actually came in contact with the limb. The question was whether the damage to the circuit breaker was within the coverage afforded by the policy. The court there reversed and rendered because the insured's loss was not caused by an accidental collision *of the vehicle*. It is on this authority and the extensive and per-

suasive citations therein contained that we are compelled to the position that there was no "collision upset or overturn" *of* the hoist in the instant case—even if the hoist be deemed a "conveying vehicle."

Having made the foregoing determination it is not necessary that appellant's second point of error be entertained. Were it otherwise we would have no alternative but to conclude that the trial court correctly rendered judgment because there was no evidence properly before the court from which the jury could assess appellant's damages.

We are of the opinion that there was no error on the part of the trial court and that the law was properly applied. The judgment of the trial court is affirmed.