**REPUBLIC AERO, INC., Appellant,**

v.

**NORTH AMERICAN UNDERWRITERS et al., Appellees.**

No. 4954.

Court of Civil Appeals of Texas, Waco.

Jan. 7, 1970.

Rehearing Denied Feb. 4, 1971.

Dean Carlton, Alexander, Mackey, Bistany, Speck & Holland, Don C. Alexander, Dallas, for appellant.

Burford, Ryburn & Ford, Logan Ford and J. Dan Bohannan, Dallas, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Republic Aero from a take nothing judgment against defendant Insurance Companies, in a suit for damages to an airplane under an insurance policy issued plaintiff by defendants.

Plaintiff Republic Aero owned a Cessna 310 Airplane which sustained damage when it ran off a runway on August 3, 1969. The airplane was insured with defendants and the premium was paid. Defendants denied liability under the policy on the ground that the pilot at the time of the airplane's damage did not have the minimum number of hours of flying time as required by the policy for which reason there was no coverage. Trial was to a jury which failed to answer any of the issues submitted. The trial court thereafter discharged the jury and rendered judgment that plaintiff take nothing.

Plaintiff appeals on 4 points contending the trial court erred in rendering judgment that it take nothing:

1) Inasmuch as "total time" means "total flying time" which the pilot had, without engrafting an additional unstated restriction into the insurance policy limitation.

2) In holding that the pilot as a matter of law did not have 500 hours total time.

Defendant asserts the judgment correct as the "evidence establishes as a matter of law that the pilot who was flying the airplane at the time of its damage, did not meet the requirement and condition of the insurance policy as he was not 'any private pilot MEL with 500 hours total time including 150 hours MEL time' ".

The policy provides: "Item 5 Pilots: Insurance afforded * * * applies only if the aircraft is being flown by the following named pilot * * *.

"Multi Engine Land Aircraft: Any private Pilot MEL, with 500 hours total time including 150 hours MEL time."

The evidence established that the pilot had in excess of 500 hours total time, of which approximately 300 hours had been logged; and that he had in excess of 200 additional hours of flying time of actual manipulation of the controls of an airplane in flight, with a duly licensed pilot as pilot in command.

Defendants assert the 200 hours of flying time with another as pilot in command was not such time as the pilot could claim as a part of his "total time" under the policy; that such time was put in while the pilot was actually a passenger on a flight and he was permitted by the pilot in command to manipulate the controls and fly the airplane; that such time was not recognizable by the FAA as flight time to meet the experience requirements for any pilot certificate or rating; and that such time was not such time as required to meet the policy requirement of "500 hours total time".

Webster's New 20th Century Dictionary 2nd Edition defines "total" as "constituting the whole" * * * "entire" * * * "a total sum or amount"; and Funk & Wagnalls New Standard Dictionary defines "total", as "the whole sum or amount."

It is undisputed that the pilot was at the controls flying an airplane during the 200 hours asserted by defendant to not be countable. There is no showing that such 200 hours were unlawful, or that such manipulation of the controls of the airplane in flight were performed in violation of the law. It is true that such hours were not such as would meet the experience requirements of the FAA for any pilot rating or certificate. Nevertheless we think they may be utilized to compute

"total time" as set forth in the policy. If the defendant Insurance companies had wished to require hours of flight time recognizable by the FAA to meet certificate or rating requirements, they could have done so.

■ The terms of insurance policies should be construed in accordance with their plain, ordinary, and accepted meaning. Hall v. Mut. Benefit Health and Accident Assn., Tex.Civ.App., Er.Ref., 220 S.W.2d 934. And courts will not write a limitation of liability into a policy where none exists. Providence Washington Ins. Co. v. Proffitt, S.Ct., 150 Tex. 207, 239 S.W.2d 379.

We think plaintiff established that its pilot had "500 hours total time" within the stated meaning of the policy. Plaintiffs' contentions 1 and 2 are sustained.

Reversed and remanded.