REPUBLIC BANKERS LIFE INSURANCE
COMPANY, Appellant,

v.

Arthur F. GILLARD, Appellee.

No. 5257.

Court of Civil Appeals of Texas,
Waco.

May 17, 1973.

Rehearing Denied June 21, 1973.

Beard & Kultgen, Thomas L. Cook,
Waco, for appellant.

J. Harvey Lewis, Kelly D. McGehee,
Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Insurance Company from judgment against it for benefits, penalty and attorney's fees in plaintiff's suit on a medical insurance policy.

Plaintiff Gillard sued defendant Insurance Company for benefits alleged due under a hospital, surgical and medical policy. The trial court without a jury rendered judgment plaintiff recover $1785.02 (which defendant admitted owing some two months after suit was filed), plus $213.17 for lab and x-ray services, and $907.95 for oxygen charges. The judgment further awarded plaintiff $1000. attorney's fees

and $348.73 statutory 12% penalty pursuant to Article 3.62 Insurance Code, V.A.T.S. (For a total of $4254.87).

Defendant appeals on 6 points contending:

1) The trial court erred in awarding attorney's fees and penalty because there is no evidence and/or insufficient evidence plaintiff made statutory demand for payment as required by Article 3.-62 Insurance Code, and such finding is against the great weight and preponderance of the evidence.

2) The trial court erred in awarding attorney's fees and penalty because there is no evidence Sharon Stewart, an employee of defendant, was authorized to accept· demands for payment (if the court so found), and such is against the great weight and preponderance of the evidence.

3) The trial court erred in holding plaintiff entitled to $907.95 oxygen charges under the terms of the policy.

The trial court filed Findings and Conclusions summarized as follows:

## Findings of Fact

1) Plaintiff purchased defendant's policy of hospitalization and surgical benefits on June 8, 1969, and thereafter paid the premiums thereon.

2) After purchase of the policy plaintiff was hospitalized 5 times as follows:

a) Date 8/10/71–8/23/71 Presbyterian Hospital
Reason: Congestive Heart Failure

| Services | Charges to plaintiff |
|---|---|
| * * * * * * | |
| Inhalation Therapy (oxygen tent) | $ 224.80 |
| Sub Total | $ 636.05 |

b) Date 8/31/71–9/14/71 Baylor Hospital
Reason: Cancer

| | |
|---|---|
| * * * * * * | |
| Inhalation Therapy (oxygen tent) | $ 92.75 |
| Sub Total | $ 431.59 |

c) Date 11/28/71–12/07/71 Presbyterian Hospital
Reason: Coronary Occlusion

| | |
|---|---|
| * * * * * * | |
| Inhalation Therapy (oxygen tent) | $ 108.00 |
| Sub Total | $ 453.22 |

d) Date 2/14/71–12/31/71 Presbyterian Hospital
Reason: Severe Pulmonary Adema

| | |
|---|---|
| * * * * * * | |
| Inhalation Therapy (oxygen tent) | $ 391.20 |
| Sub Total | $ 936.10 |

e) Date 1/14/72–1/20/72 Presbyterian Hospital

| | |
|---|---|
| * * * * * * | |
| Inhalation Therapy (oxygen tent) | $ 160.00 |
| Sub Total | $ 386.10 |
| f) Surgical and ambulance benefits | $ 60.00 |
| Total Policy Benefits | $2906.14 |

3) Subsequent to the last period of hospitalization and more than 30 days prior to filing suit plaintiff made oral demand for payment of his claims arising out of his hospitalizations to defendant and such claim was not paid by defendant, nor did defendant admit liability pursuant to the provisions of the policy until after suit was filed.

4) After the filing of suit defendant admitted liability in part, but denies liability for certain of the charges above set out, claiming such charges are not covered within the provisions of the policy.

5) Included in the policy is provision for indemnity for expenses incurred for the services of an oxygen tent. The administration of oxygen by use of an oxygen tent is not used in any hospital in which plaintiff was confined. Inhalation therapy was rendered plaintiff during his hospital confinements, which is a more modern means of providing the services formerly provided by use of an oxygen tent. The main difference being that inhalation therapy is a more efficient means of providing the service than an oxygen tent and a smaller area of the patients body is covered by the oxygen disbursing device.

6) To collect benefits it was necessary for plaintiff to employ attorneys, who expended in excess of 58 hours of time, for which $1000. is a reasonable fee.

*Conclusion of Law*

1) Plaintiff is entitled to recover for the services set out in the Findings of Fact.

2) Pursuant to Article 3.62 Insurance Code plaintiff is entitled to recover attorney's fees and statutory 12% penalty.

Contentions 1 and 2 assail the award of attorney's fees and penalty.

Article 3.62 of the Insurance Code provides Life, Health and Accident Insurance Companies, which fail to pay claims for which they are liable, within 30 days after demand therefor, shall be liable to the policy holder for 12% penalty and reasonable attorney's fees.

■ The making of demand is an essential element of an insured's cause of action for attorney's fees and penalty, and must be made 30 days before the filing of the petition upon which the cause is tried. International Security Life Ins. Co. v. Redwine, Tex., 481 S.W.2d 792.

Demand for payment may be oral. Scott v. Bankers Life Ins. Co., Tex.Civ.App., NRE, 253 S.W.2d 485.

Defendant asserts there is no evidence or insufficient evidence that plaintiff made a demand 30 days prior to filing suit; and that demand on Mrs. Sharon Stewart (an employee of defendant's home office) was ineffective as she was not authorized to accept demands for payment.

Plaintiff testified that nearly a month before retaining counsel to file suit he made oral demand for payment of his claims at the home office of defendant to Mrs. Sharon Stewart; that Mrs. Stewart was the only person he was allowed to talk to at defendant's home office; that she told him they were not going to pay his claim; that the president of the company told her to "throw it out", and "they wasn't going to pay on it".

■ Plaintiff was discharged from his last period of hospitalization on January 20, 1972; he employed counsel on February 24, 1972; and suit was filed on March 1, 1972. We think the evidence ample to sustain the findings that plaintiff made timely demand under Article 3.62 of the Insurance Code, and that demand on Mrs. Stewart was binding on defendant.

Contentions 1 and 2 are overruled.

Contention 3 is the trial court erred in holding plaintiff entitled to $907.95 oxygen charges under the terms of the policy.

The findings reflect charges of $976.95 for "Inhalation Therapy (oxygen tent)". Of this amount $69.00 was for use of an oxygen mask, and $907.95 was for oxygen.

The policy provides: "The Company will pay the actual cost of hospital expenses for room * * * hypodermics, anesthetic materials, x-ray photographs * * * use of blood transfusion equipment, electrocardiogram, *oxygen tent* * * *".

Defendant asserts the words "oxygen tent" mean an "oxygen tent", or equipment to administer oxygen, and not the oxygen which flows to the patient through such equipment.

The policy does not say that it pays for oxygen; it only says "oxygen tent".

The terms of insurance policies should be construed in accordance with their plain, ordinary and accepted meanings. Iowa Mut. Ins. Co. v. Faulkner, 157 Tex. 183, 300 S.W.2d 639; Hall v. Mut. Benefit Health & Accident Ass'n, Tex.Civ.App., Er.Ref., 220 S.W.2d 934; Republic Aero, Inc. v. North American Underwriters, Tex. Civ.App., NRE, 462 S.W.2d 635.

Oxygen Tent is defined by the World Book Dictionary as "a small tent or tent-like device that can be placed over a pa-

tient and filled with oxygen, used in treating pneumonia and other diseases". The Readers Digest Medical Encyclopedia defines "Oxygen Tent" as a transparent canopy covering the bed or upper half of the bed is used for pateints who find a mask or nasal tube irritating or who must be given oxygen for several days."

The American Illustrated Medical Dictionary defines Inhalation "as the drawing of air or other vapor into the lungs", and Therapy as "the treatment of disease". Thus Inhalation Therapy is "the treatment of disease by drawing air or other vapor into the lungs".

We think the words "oxygen tent" mean equipment used to administer oxygen; are not inclusive of the oxygen; and that such words are not synonymous with "Inhalation Therapy".

Contention 3 is sustained. The judgment is reformed to delete recovery of $907.95 plus $108.95 (12% of $907.95 penalty), and as reformed is affirmed.

Costs of appeal are taxed one half each against the parties.

Reformed and affirmed.